OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State ex rel. Double, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. Double v. Indus. Comm. (1992), Ohio St.3d    .]

Workers' compensation -- Employee crushed by a construction vehicle -- VSSR claim denied when claimant fails to cite a specific safety requirement that applies to the industry in which the decedent was working at the time of his death -- Ohio Adm.Code Chapter 4121:1-5 does not encompass all employers and places of employment.

(No. 91-1470 -- Submitted July 29, 1992 -- Decided October 14, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-1241.

Decedent, Olen Double, died on December 27, 1985 in the course of and arising from his employment with appellee A.C. Leadbetter & Son, Inc. ("Leadbetter"), after being crushed by a construction vehicle that jump-started into gear. His widow, appellant Faye Double, successfully pursued a workers' compensation death claim against decedent's employer.

In September 1986, appellant sought additional compensation, claiming that Leadbetter had violated specific safety requirement ("VSSR") Ohio Adm.Code 4121:1-5-13(C)(4).

An Industrial Commission hearing officer denied appellant's VSSR application, finding:

"* * * [T]he decedent was performing construction work at the time of his death. It is noted that the newspaper report of decedent's death referred to him as a 'construction worker.' On the widow-claimant's C-2 application, the employer listed its 'nature of business' as 'construction and engineering.' The vehicle involved in the accident was described by Scott Kisselmayer at hearing (T. 16) as an 'all-terrain heavy duty forklift' with tractor-like front wheels. Such a vehicle is most commonly used in the construction industry. Finally, Mr. Kesselmayer described the work he and the decedent did (on T. 24) as 'heavy construction work,' specifically, 'building a new furnace for the RCA Corporation * * * a glass melting furnace.'

"Based upon the foregoing, it is found that the

widow-claimant failed to cite a specific safety requirement that applies to the industry in which the decedent was working at the time of his death; therefore, her VSSR application is denied."

Appellant's motion for rehearing was denied.

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her VSSR application. The appellate court disagreed, finding that Leadbetter was not a "workshop or factory" as required by Ohio Adm.Code Chapter 4121:1-5.

The cause is now before this court upon an appeal as of right.

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellant.

Bugbee & Conkle and Gregory B. Denny, for appellee A.C. Leadbetter & Son, Inc.

Lee I. Fisher, Attorney General, and Alan D. Eakins, Assistant Attorney General, for appellee Industrial Commission.

Per Curiam. Former Ohio Adm.Code 4121:1-5-01(A) provided:

"The specific requirements of this code * * * apply to all workshops and factories subject to the Workers' Compensation Act (4123.01 to 4123.99 R.C. ). * * *" (Emphasis added.)

Appellant does not contend that Leadbetter is a "factory" as contemplated by Ohio Adm.Code Chapter 4121:1-5. She does, however, contest the appellate ruling that Leadbetter is not a "workshop."

"Workshop" has not been defined administratively, statutorily or judicially by this court. The term, however, was interpreted by the appellate court below, citing State ex rel. Koch v. Indus. Comm. (Nov. 6, 1990), Franklin App. No. 89AP-867, unreported, as a "'room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.'" See Black's Law Dictionary (4 Ed.Rev. 1968) 1781. Decrying this definition as too narrow, appellant claims that "workshop" includes all places of employment. We disagree.

Appellant relies heavily on R.C. 4121.13(A), which states:

"The industrial commission shall * * * prescribe what * * * safety devices, safeguards, or other means or methods of protection are best adapted to render the employees of every employment and place of employment * * * safe, and to protect their welfare. * * *" (Emphasis added.)

This mandate is codified in the commission resolution preceding adoption of Ohio Adm.Code Chapter 4121:1-5 in 1977:

"* * * [S]pecific requirements herein are formulated, compiled and issued in accordance with Chapters 4101, 4121, 4123 and 119 of the Revised Code of the State of Ohio, authorizing the Industrial Commission of Ohio to make, adopt and publish safety orders, rules and regulations and to prescribe what safety devices, safeguards, or other means that are best adapted for the reasonable protection of employees in every place of employment * * *." (Emphasis added.)

Appellant proposes that when the Industrial Commission safety code is viewed in its entirety, "workshop" and "every

place of employment" are indistinguishable.  Appellant points to the other eight Administrative Code chapters, which are very specific, governing, for example, steel mills (Ohio Adm.Code Chapter 4121:1-9), laundering and dry cleaning (Ohio Adm.Code Chapter 4121:1-11), rubber and plastic industries (Ohio Adm.Code Chapter 4121:1-13), and window cleaning (Ohio Adm.Code Chapter 4121:1-17).  Because these chapters are so narrow, appellant reasons that Ohio Adm.Code Chapter 4121:1-5 must encompass all employers in order to satisfy R.C. 4121.13's mandate to protect "employees of every employment and place of employment."  This contention fails for two reasons.

First, appellant's reliance on Ohio Adm.Code Chapter 4121:1-5's prefatory resolution is misplaced since identical language also precedes the adoption of Ohio Adm.Code Chapter 4121:1-3 in 1979.  Applied conversely, appellant's theory would mandate that "construction activity" also encompasses all places of employment.  However, Ohio Adm.Code 4121:1-3-01(A) elaborately defines those industries falling thereunder and it clearly does not include every type of employer.  Thus, appellant cannot equate "workshop" with "every place of employment" on this basis.

Second, appellant's position implies that without specific safety requirements covering every conceivable place of employment, the commission neglects its duty to protect "employees of every place of employment."  It also suggests that absent specific safety requirements, an employer has no duty to provide a safe work environment.  These assertions lack merit.

R.C. 4101.11 reads:

"Every employer shall furnish employment which is safe for the employees engaged therein, * * * shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees * * *."

Similarly, R.C. 4101.12 provides:

"No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe.  No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees * * *.  No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

These statutes instruct an employer to provide a safe workplace irrespective of any specific regulations promulgated by the commission.

A VSSR is an employer penalty and must be strictly construed in the employer's favor.  State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.  It must also be specific enough to "'plainly * * * apprise an employer of his legal obligations towards his

employees.'"  State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm. (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484.  It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies.  Ohio Adm.Code Chapter 4121:1-5's reference to "workshops and factories" does not make it apparent that all employers and places of employment fall thereunder.  Had the commission intended Ohio Adm.Code Chapter 4121:1-5 to encompass all employers and places of employment, it would presumably have used that very language.

For these reasons, the judgment of the appellate court is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.