THE STATE EX REL. BUURMA FARMS, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Buurma Farms, Inc. v.
Indus. Comm.* (1994), 69 Ohio St.3d 111.]

(No. 93–799—Submitted February 22, 1994—Decided April 27, 1994.)

112

*Jack L. Johnson,* for appellant.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission.

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *William J. Melvin,* for appellee Lybarger.

---

*Per Curiam.* Ohio Adm.Code 4121:1–5–01(A) states in part:

" * * * The specific requirements of this code are requirements upon an employer for the protection of such employer's employees and no others and apply to all workshops and factories subject to the Workers' Compensation Act * * *."

In alleging specific safety requirement inapplicability, appellant asserts that a farm is neither a workshop nor a factory. Appellant, however, misinterprets the commission's decision. The commission, contrary to appellant's representation, did not broadly rule that appellant's *farm* was a "workshop." It found that the farm contained a particular *building* that was a "workshop." Limiting our review to this narrower finding, we discern no abuse of discretion.

"Workshop" has not been defined statutorily, administratively or judicially by this court. As such, it must "be read in context and construed according to the rules of grammar and common usage." R.C. 1.42 and 1.41. Black's Law Dictionary (4 Ed.Rev.1968) 1781, defines "workshop":

"Within Workmen's Compensation Acts, a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise."

Appellant does not dispute that claimant worked in a room where power-driven machinery was used and manual labor was "exercised by way of trade for gain * * *." The commission, therefore, properly found that claimant was injured in a workshop.

The appellate court judgment is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.