OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Wiers Farms Company, Appellant, v. Industrial
Commission of Ohio et al., Appellees.
[Cite as State ex rel. Wiers Farms Co. v. Indus. Comm.
(1994),      Ohio St.3d      .]
Workers' compensation -- Industrial Commission does not abuse
     its discretion in finding that a claimant injured on a
     farm was injured in a workshop, when -- Ohio Adm.Code
     Chapter 4121:1-5, applied.
     (No. 93-1077 -- Submitted May 16, 1994 -- Decided July 13,
1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-391.
     Appellee-claimant, Steven R. Kennedy, was injured on
October 3, 1985 during the course of and arising from his
employment with appellant, Wiers Farms Company.  Claimant was
placing celery on a moving conveyor when the conveyor's
unguarded drive belt caught his glove and pulled him into the
machinery.
     It is undisputed that the closest shutoff switch was
approximately eight feet from claimant's work station.  It is
also agreed that the conveyor belt had no guarding or other
protection.  Photos of the accident site revealed that the
conveyor was located with other machinery inside of a large
building located on the farm.
     After his workers' compensation claim was allowed,
claimant sought additional compensation, alleging that
appellant had violated several specific safety requirements.  A
staff hearing officer for appellee Industrial Commission of
Ohio found violations of Ohio Adm. Code 4121:1-5-05(C)(2)
(conveyors must have power shutoff at contact points) and
(C)(4) (conveyor pinch points must be guarded).  Among other
findings made in an extremely detailed order, the staff hearing
officer rejected appellant's defense that Ohio Adm. Code
Chapter 4121:1-5, governing "workshops and factories," did not
apply to farms.  The staff hearing officer reasoned that
consistent with the definition of "workshop" put forth earlier
by the Franklin County Court of Appeals in State ex rel. York
Temple Country Club, Inc. v. Indus. Comm. (Apr. 18, 1985), No.

84AP-818, unreported, the "structure and machinery wherein Claimant was injured, does, at least, meet that threshold test." (Emphasis added.)

Appellant filed a complaint for a writ of mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in applying the specific safety requirement to it. The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Jack L. Johnson, for appellant.

Lee I. Fisher, Attorney General, and Janie D. Roberts, Assistant Attorney General, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

Per Curiam. Based on our decision in State ex rel. Buurma Farms, Inc. v. Indus. Comm. (1994), 69 Ohio St.3d 111, 630 N.E.2d 686, the judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.