THE STATE EX REL. WAUGH, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Waugh v. Indus. Comm.*
(1997), 77 Ohio St.3d 453.]

(No. 95–198—Submitted January 22, 1997—Decided February 19, 1997.)

*Daniel D. Connor Co., L.P.A.,* and *Daniel D. Connor,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee Industrial Commission.

*David A. Myers,* for appellee Lorain County Employment and Training Administration.

---

*Per Curiam.* We are asked to decide in this cause whether Waugh was injured in a "workshop," within the meaning of Ohio Adm.Code Chapter 4121:1–5, such that LCETA may be liable for violating the specific safety requirement concerning protective footgear in Ohio Adm.Code 4121:1–5–17(E). For the reasons that follow, we hold that a workshop, for the purpose of Ohio Adm.Code Chapter 4121:1–5, is a place located within some form of structural enclosure. Accordingly, we affirm.

Ohio Adm.Code 4121:1–5–01(A) defines the scope of that chapter and provides, in part:

"The specific requirements of this code are requirements upon an employer for the protection of such employer's employees and no others and apply to all workshops and factories subject to the Workers' Compensation Act (sections 4123.01 to 4123.99 of the Revised Code). * * * "

In explaining why LCETA was not obliged to comply with Ohio Adm.Code 4121:1–5–17(E), the court of appeals wrote:

"[Waugh], who sustained a work-related injury while mowing the grass on the grounds of the waste water treatment plant in Lorain, contends that, pursuant to the Ohio Supreme Court's decisions in *State ex rel. Wiers Farms Co. v. Indus. Comm.* (1994), 69 Ohio St.3d 569 [634 N.E.2d 1019], and *State ex rel. Buurma Farms, Inc. v. Indus. Comm.* (1994), 69 Ohio St.3d 111 [630 N.E.2d 686], he is entitled to a further hearing to determine his right to receive compensation inasmuch as he was injured in a workshop. [Waugh's] argument, however, ignores the facts in both *Wiers Farms* and *Buurma Farms*, in that the claimant in each of those cases was working with machinery in *a building*, whereas in this instance, [Waugh] was not working in a building.

"In *Buurma Farms*, * * * [69 Ohio St.3d at 112, 113, 630 N.E.2d at 686, 687, the court] defined a 'workshop' as 'a room or place where[in] power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' In *Buurma Farms* and *Wiers Farms*, the court found Ohio Adm. Code [Chapter] 4121:1–5 to apply because the claimants' employment was within the specific boundaries of a fixed building and the injuries occurred while working on machinery in those buildings. Here, [Waugh's] injury occurred while mowing grass in an open area outside of a building, and Ohio Adm.Code [Chapter] 4121:1–5 is not applicable."

As the court of appeals observed, we have defined "workshop" as " 'a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' " *Buurma Farms, supra.* Waugh contends that Ohio Adm.Code Chapter 4121:1–5 also applies to workplaces without structural boundaries by seizing on the "room *or place* " language. Since this language is in the disjunctive, he argues that the definition transcends boundaries, extending to *any* place where the requisite machinery and labor are in use. This expansive interpretation makes sense, he insists, because other sections within the chapter, specifically Ohio Adm.Code 4121:1–5–28 (specific safety requirements for helicopter use) and 4121:1–5–29 (specific safety requirements for blasting operations), extend protections to activities commonly conducted outdoors.

We disagree. Our definition refers to a place where*in* the relevant power machinery and manual labor is employed, not where*at* these activities occur. The court of appeals in *State ex rel. York Temple Country Club, Inc. v. Indus. Comm.* (Apr. 18, 1985), Franklin App. 84AP–818, unreported, recognized this small but significant distinction and, adopting its referee's reasoning, concurred that "the 'shop' portion of 'workshop' connotes some form of enclosure." The *York* court therefore concluded that a claimant's injury by an errant golf ball while working at a golf course driving range had not occurred in a workshop. We find this logic compelling, as is manifest from our decisions in *Buurma Farms, Wiers Farms,* and *State ex rel. Double v. Indus. Comm.* (1992), 65 Ohio St.3d 13, 599 N.E.2d 259 (construction site does not constitute a workshop).

In the face of this logic, we cannot transform the accepted meaning of workshop to account for provisions in Ohio Adm.Code Chapter 4121:1–5 that seemingly regulate outdoor activity. Our admonition in *Double* at 16–17, 599 N.E.2d at 261, prevents any construction contrary to the reasonable expectations of employers:

"A VSSR is an employer penalty and must be strictly construed in the employer's favor. [Citation omitted.] It must also be specific enough to ' "plainly * * * apprise an employer of his legal obligations to his employees." ' *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484. It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies."

The judgment of the court of appeals, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.