[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 453.]

THE STATE EX REL. WAUGH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Waugh v. Indus. Comm*., 1997-Ohio-252.]

*Workers' compensation—Ohio Adm.Code Chapter 4121:1-5, construed and applied—"Workshop," for the purpose of Ohio Adm.Code Chapter 4121:1-5, is a place located within some form of structural enclosure.*

(No. 95-198—Submitted January 22, 1997—Decided February 19, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD01-28.

————————————

{¶ 1} Wardell L. Waugh, appellant, seeks a writ of mandamus ordering appellee Industrial Commission of Ohio to vacate its denial of his application alleging that appellee Lorain County Employment and Training Administration ("LCETA") had violated a specific safety requirement, and to conduct a hearing on the merits of his application.

{¶ 2} In July 1989, Waugh was working for LCETA through a program funded by the Federal Job Training Partnership Act and had been assigned to the Elyria Wastewater Treatment Facility. While cutting the grass on the grounds of the facility, Waugh ran the lawnmower over his right foot, severing two toes. Waugh was not wearing "hard [toe] shoes" or protective footgear at the time of his injury.

{¶ 3} After his workers' compensation claim was allowed, Waugh applied for an additional award for the violation of a specific safety requirement ("VSSR"). The commission denied his application on the basis of findings recommended by its hearing officer. The commission's order explained:

"The claimant has alleged a violation of [Ohio Adm.Code] 4121:1-5-17(E), which requires foot protection where an employee is exposed to machinery which

presents a foot hazard or where an employee is handling material which presents a foot hazard.

"That section is part of * * * [Ohio Adm.Code Chapter] 4121:1-5 'Workshops and Factories.'

"The initial question is whether the claimant was injured in a workshop. He clearly was not in a factory and there is no argument that he was in a factory. The claimant was injured when mowing grass at a waste water treatment plant. He slipped on a wet grassy hill and the lawnmower ran over his right foot.

"It is the finding of the Deputy that the claimant was not in a workshop at the time of his injury and [Ohio Adm.Code] 4121:1-5-17(E) is not applicable to his injury. This decision is based on *[State ex rel.] Double v. Indus. Comm.* * * * [(1992), 65 Ohio St.3d 13, 599 N.E.2d 259] and *[State ex rel.] York Temple Country Club [Inc.] v. Indus. Comm.* * * * [(Apr. 18, 1985), Franklin App. No. 84AP-818, unreported].

"In *Double* the court stated that [Ohio Adm.Code Chapter] 4121:1-5 'does not make it apparent that all employe[r]s and places of employment fall thereunder. Had the Commission intended Ohio Adm.Code Chapter 4121:1-5 to encompass all employers and places of employment, it would presumably have used that very language.'

"In *York Temple*, the referee found that [Ohio Adm.Code Chapter] 4121:1-5 'evidences an intention of the legislature to limit the application of the requirements therein to a place with definitive and substantial boundaries.' The referee further found 'that the "shop" portion of "workshop" connotes some form of enclosure.'"

{¶ 4} Upon the commission's denial of his request for rehearing, Waugh filed for the instant writ of mandamus in the Court of Appeals for Franklin County. He argued that LCETA was bound by the protective-footgear requirement in Ohio Adm.Code 4121:1-5-17(E) because his injury occurred in a "workshop" within the

broad scope of Ohio Adm.Code Chapter 4121:1-5. A referee disagreed and recommended denial of the writ. The court of appeals overruled Waugh's objections to the referee's report, adopted the report, and denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

*Daniel D. Connor Co., L.P.A.*, and *Daniel D. Connor*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee Industrial Commission.

*David A. Myers*, for appellee Lorain County Employment and Training Administration.

_____

*Per Curiam*.

{¶ 6} We are asked to decide in this cause whether Waugh was injured in a "workshop," within the meaning of Ohio Adm.Code Chapter 4121:1-5, such that LCETA may be liable for violating the specific safety requirement concerning protective footgear in Ohio Adm.Code 4121:1-5-17(E). For the reasons that follow, we hold that a workshop, for the purpose of Ohio Adm.Code Chapter 4121:1-5, is a place located within some form of structural enclosure. Accordingly, we affirm.

{¶ 7} Ohio Adm.Code 4121:1-5-01(A) defines the scope of that chapter and provides, in part:

"The specific requirements of this code are requirements upon an employer for the protection of such employer's employees and no others and apply to all workshops and factories subject to the Workers' Compensation Act (sections 4123.01 to 4123.99 of the Revised Code). * * *"

{¶ 8} In explaining why LCETA was not obliged to comply with Ohio Adm. Code 4121:1-5-17(E), the court of appeals wrote:

"[Waugh], who sustained a work-related injury while mowing the grass on the grounds of the waste water treatment plant in Lorain, contends that, pursuant to the Ohio Supreme Court's decisions in *State ex rel. Wiers Farms Co. v. Indus.*

*Comm.* (1994), 69 Ohio St.3d 569 [634 N.E.2d 1019], and *State ex rel. Buurma Farms, Inc. v. Indus. Comm* (1994), 69 Ohio St.3d 111 [630 N.E.2d 686], he is entitled to a further hearing to determine his right to receive compensation inasmuch as he was injured in a workshop. [Waugh's] argument, however, ignores the facts in both *Wiers Farms* and *Buurma Farms*, in that the claimant in each of those cases was working with machinery in *a building*, whereas in this instance, [Waugh] was not working in a building.

"In *Buurma Farms*, * * * [69 Ohio St.3d at 112, 113, 630 N.E.2d at 686, 687, the court] defined a 'workshop' as 'a room or place where[in] power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' In *Buurma Farms* and *Wiers Farms*, the court found Ohio Adm.Code [Chapter] 4121:1-5 to apply because the claimants' employment was within the specific boundaries of a fixed building and the injuries occurred while working on machinery in those buildings. Here, [Waugh's] injury occurred while mowing grass in an open area outside of a building, and Ohio Adm.Code [Chapter] 4121:1-5 is not applicable."

{¶ 9} As the court of appeals observed, we have defined "workshop" as "'a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.'" *Buurma Farms, supra*. Waugh contends that Ohio Adm.Code Chapter 4121:1-5 also applies to workplaces without structural boundaries by seizing on the "room *or place*" language. Since this language is in the disjunctive, he argues that the definition transcends boundaries, extending to *any* place where the requisite machinery and labor are in use. This expansive interpretation makes sense, he insists, because other sections within the chapter, specifically Ohio Adm.Code 4121:1-5-28 (specific safety requirements for helicopter use) and 4121:1-5-29 (specific safety requirements for blasting operations), extend protections to activities commonly conducted outdoors.

**{¶ 10}** We disagree.  Our definition refers to a place where*in* the relevant power machinery and manual labor is employed, not where*at* these activities occur. The court of appeals in *State ex rel. York Temple Country Club, Inc. v. Indus. Comm.* (Apr. 18, 1985), Franklin App. 84AP-818, unreported, recognized this small but significant distinction and, adopting its referee's reasoning, concurred that "the 'shop' portion of 'workshop' connotes some form of enclosure."  The *York* court therefore concluded that a claimant's injury by an errant golf ball while working at a golf course driving range had not occurred in a workshop.  We find this logic compelling, as is manifest from our decisions in *Buurma Farms*, *Weir Farms*, and *State ex rel. Double v. Indus. Comm.* (1992), 65 Ohio St.3d 13, 599 N.E.2d 259 (construction site does not constitute a workshop).

**{¶ 11}** In the face of this logic, we cannot transform the accepted meaning of workshop to account for provisions in Ohio Adm.Code Chapter 4121:1-5 that seemingly regulate outdoor activity.  Our admonition in *Double* at 16-17, 599 N.E.2d at 261, prevents any construction contrary to the reasonable expectations of employers:

"A VSSR is an employer penalty and must be strictly construed in the employer's favor.  [Citation omitted.]  It must also be specific enough to '"plainly * * * apprise an employer of his legal obligations to his employees."' *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484.  It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies."

**{¶ 12}** The judgment of the court of appeals, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____