THE STATE EX REL. PETRIE, APPELLANT, *v.* ATLAS IRON PROCESSORS, INC.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Petrie v. Atlas Iron Processors, Inc.* (1999), 85 Ohio St.3d 372.]

(No. 97–46—Submitted January 26, 1999—Decided April 28, 1999.)

*Shapiro, Kendis & Associates* and *Rachel B. Jaffy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee.

---

**Per Curiam.** Ohio Adm.Code Chapter 4121:1–5 covers "workshops and factories." Claimant proposes that the scrapyard's perimeter fencing was a structural enclosure sufficient to classify it as a "workshop" and render Ohio Adm.Code Chapter 4121:1–5 applicable. We agree.

The fence, in this case, indeed set forth the boundaries of work activity. It also served to keep unauthorized nonemployees out, and, in so doing, established its confines as a place accessible only to employees for the purpose of carrying out the company's business.

Accordingly, the judgment of the court of appeals is reversed, and a limited writ is granted, which returns the cause to the commission for further consideration of claimant's application.

*Judgment reversed*
*and limited writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

---

COOK, J., dissenting. This controversy is another in a line of cases that have struggled with the concept of "workshop" for purposes of Ohio Adm.Code Chapter 4121:1–5 applicability. Because I do not believe that claimant was injured in a "workshop," I respectfully dissent.

Ohio Adm.Code Chapter 4121:1–5 covers "workshops and factories." The former is " 'a room or place wherein power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' " *State ex rel. Buurma Farms, Inc. v. Indus. Comm.* (1994), 69 Ohio St.3d 111, 113, 630 N.E.2d

686, 687. Claimant contends that because the scrap yard was a "place" utilizing the requisite machinery and labor, it constituted a workshop.

Claimant's argument has already been twice rejected. In *State ex rel. Double v. Indus. Comm.* (1992), 65 Ohio St.3d 13, 599 N.E.2d 259, decedent died in an accident at an open construction site. In declaring that the site was not a workshop, we reasoned:

"A VSSR is an employer penalty and must be strictly construed in the employer's favor. * * * It must also be specific enough to 'plainly apprise an employer of his legal obligations towards his employees.' * * * It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies. Ohio Adm. Code Chapter 4121:1–5's reference to 'workshops and factories' does not make it apparent that *all* employers and places of employment fall thereunder. Had the commission intended Ohio Adm.Code Chapter 4121:1–5 to encompass all employers and places of employment, it would presumably have used that very language." (Emphasis added.) *Id.* at 16–17, 599 N.E.2d at 261.

*State ex rel. Waugh v. Indus. Comm.* (1997), 77 Ohio St.3d 453, 674 N.E.2d 1385, reaffirmed this position, in denying applicability to a claimant injured while mowing the plant's lawn:

"Waugh contends that Ohio Adm.Code Chapter 4121:1–5 also applies to workplaces without structural boundaries by seizing on the 'room *or place*' language. Since this language is in the disjunctive, he argues that the definition transcends boundaries, extending to *any* place the requisite machinery and labor are in use. * * *

"We disagree. Our definition refers to a place where*in* the relevant power machinery and manual labor [are] employed, not where*at* these activities occur. The court of appeals in *State ex rel. York Temple Country Club, Inc. v. Indus. Comm.* (Apr. 18, 1985), Franklin App. 84AP–818, unreported, recognized this small but significant distinction and, adopting its referee's reasoning, concurred that 'the "shop" portion of "workshop" connotes some sort of enclosure.' The *York* court therefore concluded that a claimant's injury by an errant golf ball while working at a golf course driving range had not occurred in a workshop. We find this logic compelling, as is manifest from our decisions in *Buurma Farms,* [*State ex rel.*] *Wiers Farms* [*v. Indus. Comm.* (1994), 69 Ohio St.3d 569, 634 N.E.2d 1019], and *State ex rel. Double v. Indus. Comm.* * * *

"In the face of this logic, we cannot transform the accepted meaning of workshop to account for provisions in Ohio Adm.Code Chapter 4121:1–5 that seemingly regulate outdoor activity." (Emphasis *sic.*) *Id.* at 455–456, 674 N.E.2d at 1387–1388.

*Buurma Farms* and *Wiers Farms* reinforce the concept of "workshop" as having some sort of structural enclosure. The question currently posed is whether perimeter fencing is enough of a structural enclosure. I do not believe that it is.

Pivotal to safety code applicability in both *Buurma Farms* and *Wiers Farms* was the presence of the injurious machinery *within a building* on the farm property. This is consistent with the commission's position that the structural enclosure contemplated by a workshop is something more than a boundary marker.

A VSSR must be strictly construed in the employer's favor. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216. Towards this end, a specific safety requirement must " 'plainly * * * apprise an employer of his legal obligations towards his employees.' " *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484, quoting *State ex rel. Holdosh v. Indus. Comm.* (1948), 149 Ohio St. 179, 36 O.O. 516, 78 N.E.2d 165, syllabus. *Waugh* reasoned that these tenets were such that " 'an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies.' " *Waugh* at 456, 674 N.E.2d at 1388, quoting *Double,* 65 Ohio St.3d at 17, 599 N.E.2d at 261. The cited decisions do not imply—let alone plainly apprise an inquiring employer—that an outdoor scrap yard, fenced or unfenced, is a workshop. To the contrary, one is left with the impression that outdoor work is exempt from classification as a workshop-related activity. Accordingly, a VSSR penalty is inappropriate.

MOYER, C.J., concurs in the foregoing dissenting opinion.