[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 372.]

THE STATE EX REL. PETRIE, APPELLANT, *v*. ATLAS IRON PROCESSORS, INC.;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Petrie v. Atlas Iron Processors, Inc.*, 1999-Ohio-391.]

*Workers' compensation—Scrapyard's perimeter fencing is a structural enclosure sufficient to classify it as a "workshop" and render Ohio Adm.Code Chapter 4121:1-5 applicable to claimed violations of specific safety requirements.*

(No. 97-46—Submitted January 26, 1999—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD01-107.

———————————

{¶ 1} Atlas Iron Processors, Inc. ("Atlas") sorts scrap metal. This processing is done within a fenced-in compound. Part of the process involves separating salvageable metal materials from scrap. On the night of January 22, 1991, it was very cold and appellant-claimant, Lonnie J. Petrie, an Atlas employee, was assigned to remove ice and frozen debris from one of the scrapyard's conveyors. While performing this task, claimant caught his glove between the wheel and belt of the moving conveyor. Claimant's left index finger was completely severed.

{¶ 2} After his workers' compensation claim was allowed, claimant applied for additional compensation, alleging that Atlas had violated certain specific safety requirements ("VSSRs"). Appellee, Industrial Commission of Ohio, through a staff hearing officer, denied the application, after finding that Ohio Adm.Code Chapter 4121:1-5, under which the claimed violations fell, did not apply.

{¶ 3} Reconsideration was denied.

**{¶ 4}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying a VSSR. The court of appeals upheld the commission's order and denied the writ.

**{¶ 5}** This cause is now before this court upon an appeal as of right.

_____

*Shapiro, Kendis & Associates* and *Rachel B. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 6}** Ohio Adm.Code Chapter 4121:1-5 covers "workshops and factories." Claimant proposes that the scrapyard's perimeter fencing was a structural enclosure sufficient to classify it as a "workshop" and render Ohio Adm.Code Chapter 4121:1-5 applicable. We agree.

**{¶ 7}** The fence, in this case, indeed set forth the boundaries of work activity. It also served to keep unauthorized nonemployees out, and, in so doing, established its confines as a place accessible only to employees for the purpose of carrying out the company's business.

**{¶ 8}** Accordingly, the judgment of the court of appeals is reversed, and a limited writ is granted, which returns the cause to the commission for further consideration of claimant's application.

*Judgment reversed*

*and limited writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

_____

2

**COOK, J., dissenting.**

{¶ 9} This controversy is another in a line of cases that have struggled with the concept of "workshop" for purposes of Ohio Adm.Code Chapter 4121:1-5 applicability. Because I do not believe that claimant was injured in a "workshop," I respectfully dissent.

{¶ 10} Ohio Adm.Code Chapter 4121:1-5 covers "workshops and factories." The former is " 'a room or place wherein power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' " *State ex rel. Buurma Farms, Inc. v. Indus. Comm.* (1994), 69 Ohio St.3d 111, 113, 630 N.E.2d 686, 687. Claimant contends that because the scrap yard was a "place" utilizing the requisite machinery and labor, it constituted a workshop.

{¶ 11} Claimant's argument has already been twice rejected. In *State ex rel. Double v. Indus. Comm.* (1992), 65 Ohio St.3d 13, 599 N.E.2d 259, decedent died in an accident at an open construction site. In declaring that the site was not a workshop, we reasoned:

"A VSSR is an employer penalty and must be strictly construed in the employer's favor. * * * It must also be specific enough to 'plainly apprise an employer of his legal obligations towards his employees.' * * * It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies. Ohio Adm.Code Chapter 4121:1-5's reference to 'workshops and factories' does not make it apparent that *all* employers and places of employment fall thereunder. Had the commission intended Ohio Adm.Code Chapter 4121:1-5 to encompass all employers and places of employment, it would presumably have used that very language." (Emphasis added.) *Id.* at 16-17, 599 N.E.2d at 261.

{¶ 12} *State ex rel. Waugh v. Indus. Comm.* (1997), 77 Ohio St.3d 453, 674 N.E.2d 1385, reaffirmed this position, in denying applicability to a claimant injured while mowing the plant's lawn:

"Waugh contends that Ohio Adm.Code Chapter 4121:1-5 also applies to workplaces without structural boundaries by seizing on the 'room *or place'* language. Since this language is in the disjunctive, he argues that the definition transcends boundaries, extending to *any* place the requisite machinery and labor are in use. * * *

"We disagree. Our definition refers to a place where*in* the relevant power machinery and manual labor [are] employed, not where*at* these activities occur. The court of appeals in *State ex rel. York Temple Country Club, Inc. v. Indus. Comm.* (Apr. 18, 1985), Franklin App. 84AP-818, unreported, recognized this small but significant distinction and, adopting its referee's reasoning, concurred that 'the "shop" portion of "workshop" connotes some sort of enclosure.' The *York* court therefore concluded that a claimant's injury by an errant golf ball while working at a golf course driving range had not occurred in a workshop. We find this logic compelling, as is manifest from our decisions in *Buurma Farms,* [*State ex rel.*] *Wiers Farms [v. Indus. Comm.* (1994), 69 Ohio St.3d 569, 634 N.E.2d 1019], and *State ex rel. Double v. Indus. Comm.* * * *

"In the face of this logic, we cannot transform the accepted meaning of workshop to account for provisions in Ohio Adm.Code Chapter 4121:1-5 that seemingly regulate outdoor activity." (Emphasis *sic*.) *Id.* at 455-456, 674 N.E.2d at 1387-1388.

{¶ 13} *Buurma Farms* and *Wiers Farms* reinforce the concept of "workshop" as having some sort of structural enclosure. The question currently posed is whether perimeter fencing is enough of a structural enclosure. I do not believe that it is.

{¶ 14} Pivotal to safety code applicability in both *Buurma Farms* and *Wiers Farms* was the presence of the injurious machinery *within a building* on the farm property. This is consistent with the commission's position that the structural enclosure contemplated by a workshop is something more than a boundary marker.

{¶ 15} A VSSR must be strictly construed in the employer's favor. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216. Towards this end, a specific safety requirement must " 'plainly * * * apprise an employer of his legal obligations towards his employees.' " *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484, quoting *State ex rel. Holdosh v. Indus. Comm.* (1948), 149 Ohio St. 179, 36 O.O. 516, 78 N.E.2d 165, syllabus. *Waugh* reasoned that these tenets were such that " 'an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies.' " *Waugh* at 456, 674 N.E.2d at 1388, quoting *Double,* 65 Ohio St.3d at 17, 599 N.E.2d at 261. The cited decisions do not imply — let alone plainly apprise an inquiring employer — that an outdoor scrap yard, fenced or unfenced, is a workshop. To the contrary, one is left with the impression that outdoor work is exempt from classification as a workshop-related activity. Accordingly, a VSSR penalty is inappropriate.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————————