This controversy is another in a line of cases that have struggled with the concept of "workshop" for purposes of Ohio Adm. Code Chapter 4121:1-5 applicability. Because I do not believe that claimant was injured in a "workshop," I respectfully dissent.
Ohio Adm. Code Chapter 4121:1-5 covers "workshops and factories." The former is "`a room or place wherein power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.'" State ex rel. Buurma Farms, Inc.v. Indus. Comm. (1994), 69 Ohio St.3d 111, 113, 630 N.E.2d 686,687. Claimant contends that because the scrap yard was a "place" utilizing the requisite machinery and labor, it constituted a workshop.
Claimant's argument has already been twice rejected. InState ex rel. Double v. Indus. Comm. (1992), 65 Ohio St.3d 13,599 N.E.2d 259, decedent died in an accident at an open construction site. In declaring that the site was not a workshop, we reasoned:
"A VSSR is an employer penalty and must be strictly construed in the employer's favor. * * * It must also be specific enough to `plainly apprise an employer of his legal obligations towards his employees.' * * * It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies. Ohio Adm. Code Chapter 4121:1-5's reference to `workshops and factories' does not make it apparent that all employers and places of employment fall thereunder. Had the commission intended Ohio Adm. Code Chapter4121:1-5 to encompass all employers and places of employment, it would presumably have used that very language." (Emphasis added.)Id. at 16-17, 599 N.E.2d at 261.
State ex rel. Waugh v. Indus. Comm. (1997), 77 Ohio St.3d 453,674 N.E.2d 1385, reaffirmed this position, in denying applicability to a claimant injured while mowing the plant's lawn:
"Waugh contends that Ohio Adm. Code Chapter 4121:1-5 also applies to workplaces without structural boundaries by seizing on the `room or place' language. Since this language is in the disjunctive, he argues that the definition transcends boundaries, extending to any place the requisite machinery and labor are in use. * * *
"We disagree. Our definition refers to a place wherein the relevant power machinery and manual labor [are] employed, not whereat these activities occur. The court of appeals in State exrel. York Temple Country Club, Inc. v. Indus. Comm. (Apr. 18, 1985), Franklin App. 84AP-818, unreported, recognized this small but significant distinction and, adopting its referee's reasoning, concurred that `the "shop" portion of "workshop" connotes some sort of enclosure.' The York court therefore concluded that a claimant's injury by an errant golf ball while working at a golf course driving range had not occurred in a workshop. We find this logic compelling, as is manifest from our decisions in BuurmaFarms, [State ex rel.] Wiers Farms [v. Indus. Comm. (1994),69 Ohio St.3d 569, 634 N.E.2d 1019], and State ex rel. Double v.Indus. Comm. * * *
"In the face of this logic, we cannot transform the accepted meaning of workshop to account for provisions in Ohio Adm. Code Chapter 4121:1-5 that seemingly regulate outdoor activity." (Emphasis sic.) Id. at 455-456, 674 N.E.2d at 1387-1388.
Buurma Farms and Wiers Farms reinforce the concept of "workshop" as having some sort of structural enclosure. The question currently posed is whether perimeter fencing is enough of a structural enclosure. I do not believe that it is.
Pivotal to safety code applicability in both Buurma Farms andWiers Farms was the presence of the injurious machinery within abuilding on the farm property. This is consistent with the commission's position that the structural enclosure contemplated by a workshop is something more than a boundary marker.
A VSSR must be strictly construed in the employer's favor.State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170,545 N.E.2d 1216. Towards this end, a specific safety requirement must "`plainly * * * apprise an employer of his legal obligations towards his employees.'" State ex rel. Frank Brown Sons, Inc.v. Indus. Comm. (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482,484, quoting State ex rel. Holdosh v. Indus. Comm. (1948),149 Ohio St. 179, 36 O.O. 516, 78 N.E.2d 165, syllabus. Waugh
reasoned that these tenets were such that "`an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies.'" Waugh
at 456, 674 N.E.2d at 1388, quoting Double, 65 Ohio St.3d at 17,599 N.E.2d at 261. The cited decisions do not imply — let alone plainly apprise an inquiring employer — that an outdoor scrap yard, fenced or unfenced, is a workshop. To the contrary, one is left with the impression that outdoor work is exempt from classification as a workshop-related activity. Accordingly, a VSSR penalty is inappropriate.
Moyer, C.J., concurs in the foregoing dissenting opinion.