**The STATE ex rel. HAIRE**

v.

**INDUSTRIAL COMMISSION OF OHIO et al.**

[Cite as *State ex rel. Haire v. Indus. Comm.*, 154 Ohio App.3d 82, 2003-Ohio-4570.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–1212.

Decided Aug. 28, 2003.

Shapiro, Shapiro & Shapiro Co., L.P.A., Leah B. Porter and Alan J. Shapiro, for relator.

Jim Petro, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for respondent Industrial Commission of Ohio.

Richardson & Schneiberg and Jerald A. Schneiberg, for respondent Cleveland.

---

KLATT, Judge.

{¶ 1} Relator, Thomas Haire, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its orders denying his application for additional compensation for a violation of a specific safety requirement ("VSSR") by respondent, city of Cleveland, and to grant the requested award.

{¶ 2} Pursuant to Civ.R. 53(C), and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate determined that the commission did not abuse its discretion in finding that the storage facility at issue was not a factory or a workshop for purposes of Ohio Adm.Code 4121:1–5. Therefore, the magistrate recommended that the court deny the requested writ of mandamus.

{¶ 3} No objections have been filed to the magistrate's recommendation.

{¶ 4} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the recommendation of the magistrate, the requested writ of mandamus is denied.

Writ denied.

BOWMAN and BROWN, JJ., concur.

APPENDIX A

MAGISTRATE'S DECISION

Rendered on April 30, 2003

IN MANDAMUS

{¶ 5} In this original action in mandamus, relator, Thomas Haire, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its orders denying his application for additional compensation for a violation of a specific safety requirement ("VSSR") by respondent city of Cleveland and to grant the requested award.

Findings of Fact

{¶ 6} 1. Thomas Haire ("claimant") was employed by the city of Cleveland in the Division of Streets. On March 20, 1998, after performing patch work on city streets, he rode back in a dump truck to the garage used to store trucks and plows.

{¶ 7} 2. As the truck approached the parking space, the driver stopped, and claimant hopped out. Claimant stepped into a drain, injuring his ankle. His workers' compensation claim was allowed for a sprained left ankle.

{¶ 8} 3. Claimant stated in his complaint at paragraph 10(d) that he was injured "in a garage used to store vehicles." Incidental activities at the garage included changing snow-plow blades and removing salt-spreaders from trucks.

{¶ 9} 4. In March 2000, claimant filed a VSSR application, alleging violations of Ohio Adm.Code 4121:1–5–02(C)(2)(a)(ii) and (C)(2)(b). The latter allegation was later withdrawn.

{¶ 10} 5. The Ohio Bureau of Workers' Compensation investigated, and a hearing was held in January 2001, which resulted in a denial of the VSSR application. In its decision, the commission determined that the garage was not a factory or workshop for purposes of Ohio Adm.Code 4121:1–5:

{¶ 11} "Neither the term workshop [n]or factory is defined in the Administrative Code or in the Revised Code. However, for the term workshops the courts have recognized the definition outlined in Black's Law Dictionary (4 Ed. Rev. 1968) 1781, as a 'room or place where power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' See, *State ex rel. Wiers Farms Company v. Industrial Commission*, 60 [69] Ohio State 3d 569 [634 N.E.2d 1019] (1994); *State ex rel. Buurma Farms v. Industrial Commission*, 69 Ohio State 3d 111, 113 [630 N.E.2d 686] (1994). Factory is defined in Webster's New World Dictionary, Second College Edition, as 'a building or buildings in which things are manufactured; manufacturing plant.'

{¶ 12} "Utilizing these definitions it is apparent that for a facility to be categorized as a workshop or factory it must be an enclosed structure, or at a[sic] least facility surrounded by a fence, where manual labor is used in conjunction with powered machinery to produce tangible products, or service tangible products, or at least alter (i.e. pack and load) an existing raw product * * *.

{¶ 13} "In this case, the facility where the claimant was injured is a garage used to store vehicles (page 14 of the transcript). This facility is used by the City of Cleveland to store vehicles that are used by the street department. In addition to storing vehicles there are also incidental activities that go on in this facility such as changing the snow blades for the snow plows, changing the oil in the trucks, and using an exhaust hose to funnel exhaust fumes out of the building when warming up the trucks in the morning. There was also an indication (page 45 of the transcript) that a backhoe is used to help remove salt spreaders inside the trucks. This is done by workers getting up on the trucks and unbolting the salt spreaders and then using the end loader to pick up the salt spreaders and take them outside.

{¶ 14} "Therefore, in the instant case it is found that the claimant was injured inside of a walled structure, and manual labor and power-driven machinery was used inside this facility. However, no tangible product was being produced or manufactured, no existing product was altered (i.e., packed and loaded) so as to prepare it for later commercial sale, and while incidental repair work in terms of changing oil or snow blades was performed at this facility, it's primary purpose was a storage facility and not as a repair shop for vehicles.

{¶ 15} "Consequently, based on the aforementioned analysis and definitions it is found that this facility would not be properly classified as a workshop or factory."

{¶ 16} 6. Rehearing was denied.

### Conclusions of Law

{¶ 17} The claimant argues that the commission abused its discretion in denying his VSSR application. Specifically, claimant states: "It is our contention that a garage where cars are stored is a 'factory' or 'workshop' for purposes of the Ohio Administrative Code."

{¶ 18} The law pertaining to VSSR claims is set forth in numerous judicial decisions, including *State ex rel. Buehler Food Markets, Inc. v. Indus. Comm.* (1980), 64 Ohio St.2d 16, 18 O.O.3d 189, 412 N.E.2d 945; *State ex rel. Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748; and *State ex rel. Watson v. Indus. Comm.* (1986), 29 Ohio App.3d 354, 29 OBR 483, 505 N.E.2d 1015. In brief, the claimant has the burden of establishing that the

specific safety requirement was applicable, that it was violated, and that the violation was the cause of the occupational injury. *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 489 N.E.2d 288. The present action focuses on the first element of proof.

{¶ 19} A specific safety requirement must plainly apprise an employer of its legal obligations toward its employees. For example, an employer should not have to speculate as to whether a workplace is within the category of "workshops and factories" in Ohio Adm.Code 4121:1–5. *State ex rel. Johnson v. Hilltop Basic Resources, Inc.* (2002), 95 Ohio St.3d 36, 40, 765 N.E.2d 323. Because a VSSR award is a penalty against the employer, all reasonable doubts regarding the applicability of the safety requirement must be resolved against its applicability. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216.

{¶ 20} It is well established that the commission has discretion to interpret its rules. E.g., *State ex rel. Allied Wheel Products, Inc. v. Indus. Comm.* (1956), 166 Ohio St. 47, 139 N.E.2d 41. The extraordinary writ of mandamus will not lie to interfere with or control the commission's discretion as long as the discretion is exercised within legal boundaries. *State ex rel. Rouch v. Eagle Tool & Machine Co.* (1986), 26 Ohio St.3d 197, 200, 26 OBR 289, 498 N.E.2d 464. In addition, the commission alone is responsible for evaluating evidence, and factual determinations made by the commission cannot be disturbed by the courts unless the commission had committed an abuse of discretion. *State ex rel. A–F Industries v. Indus. Comm.* (1986), 26 Ohio St.3d 136, 26 OBR 117, 497 N.E.2d 90; *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433.

{¶ 21} Ohio Adm.Code 4121:1–5–01(A) provides that the chapter's safety requirements apply to "all workshops and factories subject to the Workers' Compensation Act." The determination of whether a place of employment is a workshop or factory under Ohio Adm.Code 4121:1–5 is a finding of fact to be made in the first instance by the commission, subject to review by the courts only for an abuse of discretion. *Johnson*, supra, at 41, 765 N.E.2d 323. Therefore, the issue before the court is whether the commission abused its discretion in finding that the storage facility was not a factory or workshop. As explained more fully below, the magistrate finds no abuse of discretion.

{¶ 22} The terms "workshop" and "factory" are not defined in the Ohio statutes or Administrative Code. However, the courts have discussed these terms in reviewing the commission's interpretations. First, the Ohio Supreme Court has held that the terms do not apply generally to all places of employment. *State ex rel. Double v. Indus. Comm.* (1992), 65 Ohio St.3d 13, 16–17, 599 N.E.2d 259. Second, it is clear that the commission may consider common usage and consult

dictionaries in interpreting the terms. See R.C. 1.42; *State ex rel. Wiers Farm Co. v. Indus. Comm.* (Apr. 13, 1993), Franklin App. No. 92AP–391, 1993 WL 120068, affirmed (1994), 69 Ohio St.3d 569, 634 N.E.2d 1019.

{¶ 23} Third, the commission must consider the type of work activities being performed within the area and the machinery used, if any. In *Wiers Farm*, the court noted that "workshop" has been defined in a dictionary as "a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise." That definition was found consistent with another dictionary's view that a "workshop" is an establishment where manufacturing or handicrafts are carried on, and that to "manufacture" is to produce according to an organized plan and with division of labor, in a productive industry using mechanical power and machinery. Accordingly, in *Wiers Farm*, this court held that the commission was within its discretion to conclude that a farm building used for the processing and packing of celery with power machinery including a conveyor was a "workshop" under Ohio Adm.Code 4121:1–5–01(A). Accordingly, the commission did not abuse its discretion in applying the chapter's safety requirements for conveyors. See, also, *State ex rel. Buurma Farms, Inc. v. Indus. Comm.* (1994), 69 Ohio St.3d 111, 630 N.E.2d 686 (holding that, where farm employment was performed inside a building and involved placing crops on a mechanized conveyor, the conveyor would be considered under the safety requirements for workshops/factories); *State ex rel. Petrie v. Atlas Iron Processors, Inc.* (1999), 85 Ohio St.3d 372, 708 N.E.2d 716 (holding that a mechanized conveyer within the enclosed confines of a scrap yard was subject to the requirements for a conveyor in a workshop/factory); *State ex rel. Waugh v. Indus. Comm.* (1997), 77 Ohio St.3d 453, 674 N.E.2d 1385 (finding the rules for workshops inapplicable where the worker was mowing grass outside a facility).

{¶ 24} Based on these precedents, the magistrate concludes that the commission's interpretation of the terms "workshop" and "factory" in the subject order was within its discretion. The commission set forth a reasonable definition and, indeed, it echoed the definitions in *Buurma Farms* and *Wiers Farm* for the most part.

{¶ 25} The magistrate notes an incorrect statement in the order, however, in that the commission provided an incomplete definition of "workshop" at one point. Early in its discussion, the commission set forth a long definition ending with the phrase "for commercial gain." This definition was acceptable insofar as it went, but the commission omitted the phrase "or otherwise" at the end of the sentence, a phrase that was part of the definition as set forth in *Buurma Farms* and *Wiers Farm*. Without the qualifying phrase, the definition is too narrow, because employers who operate workshops may include nonprofit organizations such as

charities, schools, or government entities, and the workers would be employed in workshops regardless of whether the work was performed for commercial gain.

{¶ 26} A writ is not warranted, however, based on this incomplete definition. The order as a whole shows no misconception by the commission that, to be a workshop, a workplace must be operated for commercial gain. First, the commission at no point concluded that the city's garage could not be a workshop for the reason that it was not operated for commercial gain. Instead, the commission focused on the function of the garage and the work that took place there rather than whether any gain was involved. Second, and more importantly, the commission made explicit that, if the garage were a repair shop for city vehicles rather than a storage facility, the facility would have been a "workshop" under Ohio Adm.Code 4121:1–5. The fact that the garage was not operated for gain was never a factor in the decision. The magistrate concludes that the order does not demonstrate that the commission applied a legally incorrect standard.

{¶ 27} Next, in regard to the commission's findings of fact, the magistrate concludes that the commission was within its discretion to find that this garage was essentially a storage facility and that other activities occurring in the garage were merely incidental. The commission could reasonably conclude that occasional activities such as changing accessories on trucks did not change the basic character and function of this garage—to store vehicles. Likewise, the commission could reasonably conclude that the fact that a powered ventilation system existed to remove exhaust from the garage did not make it a workshop. Further, the mere fact that trucks were driven into and out of the building in connection with being stored there, or that fluids were put into the trucks while there, did not require the commission to conclude that the area was a workshop. The commission was within its discretion to find that the garage was primarily a storage facility based on its analysis of the purpose, work activities, and equipment used to accomplish that purpose.

{¶ 28} In the alternative, claimant argues that, even accepting that the garage was a storage facility, the commission nonetheless abused its discretion because "a garage where cars are stored" is a workshop for purposes of Ohio Adm.Code 4121:1–5. Claimant argues that the commission abused its discretion in focusing on the work activities performed in the area because the courts have focused more on "actual physical boundaries" than on the "type of activity * * * carried on within those boundaries."

{¶ 29} The magistrate disagrees. The courts have not instructed the commission to dispense with considering the function of the structure or the type of work activities in it. In *Waugh*, the court expressly reiterated that a workshop or factory involves power machinery; however, because the claimant in that case

was cutting grass outdoors, his argument focused on the enclosure issue. Similarly, the courts in *Buurma Farms* and *Wiers Farm* did not dispense with the criterion regarding the type of work activity but focused on the enclosure criterion for a reason: the courts were distinguishing between the farm as a whole and the activities taking place within a particular building on a farm. In both of the farm cases, the operations clearly involved processing and packaging a product with power machinery. Similarly, in *Petrie,* the facts plainly involved the use of conveyor machinery to process scrap material.

{¶ 30} Last, the magistrate concludes that the commission was within its discretion to rely on the principle that safety requirements must be construed in favor of the employer due to the punitive nature of a VSSR award. It was reasonable for the commission to construe strictly the definitional section of the safety requirements.

{¶ 31} In sum, the magistrate concludes that claimant has not met his burden of proof in mandamus to demonstrate an abuse of discretion by the commission. Accordingly, the magistrate recommends that the court deny the requested writ of mandamus.

/s/ P.A. Davidson
P.A. DAVIDSON
MAGISTRATE