[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 36.]

THE STATE EX REL. JOHNSON, APPELLANT AND CROSS-APPELLEE, *v.* HILLTOP

BASIC RESOURCES, INC., APPELLEE AND CROSS-APPELLANT; INDUSTRIAL

COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Johnson v. Hilltop Basic Resources, Inc.,*

2002- OHIO-1624.]

*Workers' compensation—Application filed asserting violations of specific safety*

*requirements against open-pit sand and gravel mine and plant—*

*Applicability of Ohio Adm.Code Chapters 4121:1-5 and 4121:1-3.*

(No. 00-2255—Submitted January 8, 2002—Decided April 10, 2002.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No.

99AP-926.

_____

*Per Curiam.*

{¶ 1} Appellee and cross-appellant, Hilltop Basic Resources, Inc., is an open-pit sand and gravel mine and plant. On August 2, 1996, claimant Emmett L. Johnson, Jr., the appellant and cross-appellee herein, was severely injured on the job. A workers' compensation claim was promptly allowed.

{¶ 2} On August 1, 1997, claimant filed the first of four applications asserting violations of specific safety requirements ("VSSR"). Claimant later dismissed the application with the intent to refile "under a different regulation."

{¶ 3} On July 30, 1998, claimant refiled, alleging three violations of Ohio Adm.Code Chapter 4121:1-5, governing workshops and factories, and four violations of Ohio Adm.Code Chapter 4121:1-3, governing the construction industry. He described the accident as follows:

"Claimant was cleaning build-up of material from fluted self-cleaning counterweight pulley when the conveyor was turned on without any warning and he was caught between the counterweight pulley and the conveyor."

{¶ 4} He also attached a report from the United States Mining Safety and Health Administration. This report repeated, in more detail, what claimant alleged above. The report concluded:

" 'Two factors contributed to the accident. First, the conveyor power was not shut off and the conveyor was not blocked against hazardous motion before work was performed. Secondly, there was no startup warning alarm provided at the start switch in the mud picker's booth and the entire length of the conveyor was not visible from the mud picker's booth. The conveyor was started from the booth without an alarm and without checking to see that the conveyor was clear, while the switch in the primary control room was off.' "

{¶ 5} On January 26, 1999, claimant filed an amended application. On it, claimant added the following description to his accident narrative:

"Darrell Dodge was not authorized to turn on the conveyor. The conveyor was not in a safe condition because it was not blocked against motion while being maintained."

{¶ 6} The application, for the first time, additionally alleged violations of two sections of R.C. Chapter 1567, pertaining to mine equipment: (1) R.C. 1567.68 (rules governing operation, repair, and lubrication of machinery and equipment) and (2) R.C. 1567.16 (no unauthorized person shall make connection to any portion of a mine's electrical system).

{¶ 7} Three weeks later, on February 18, 1999, claimant filed a second amended application. It repeated the narrative description of the previous one and added a violation of R.C. 1567.18(C).

{¶ 8} Appellee Industrial Commission of Ohio, through a staff hearing officer ("SHO"), denied claimant's application in a lengthy order that made three

key findings. First, it deemed Ohio Adm.Code Chapter 4121:1-3 inapplicable because Hilltop was "*not* in the construction business nor was this location of claimant's injury a construction site." (Emphasis *sic*.) Second, it found Ohio Adm.Code Chapter 4121:1-5 inapplicable:

"[A]ny claim of a violation under either of these code sections must fail because claimant worked as a plant maintenance man *outdoors* for the employer, which is engaged in the business of rock, sand, and gravel mining in an open pit. This distinction is important because the former code section (Chapter 4121:1-5) deals with workshops and factories and clearly, claimant works out of doors thus rendering that code section wholly inapplicable. (Interestingly, claimant attempted to portray his work as being indoors in his description of injury wherein he stated that his normal work duties were performed ' * * * within some form of structural enclosure constituting a workshop, factor[y], or construction site.' This simply is *not* true. Claimant's work was outdoors.)" (Emphasis *sic*.)

{¶ 9} Finally, the commission found that claimant's two amended applications were not filed within two years of the date of injury as Ohio Adm.Code 4121-3-20(A) required and were thus time-barred. The commission rejected claimant's assertion that the amendments simply clarified the previous allegations, ruling instead that they raised new allegations. It wrote:

"[I]n filing his subsequent Applications, claimant materially alters the description of injury and turns to an entire[ly] separate body of law (Ohio Revised Code 1567) in an effort to state a colorable claim. With each successive permutation of the injury described, claimant's theory of the cause of injury alters as well. The only constant throughout all these variations is that claimant was somehow injured while working near a conveyor belt. The Staff Hearing Officer finds that this is grossly insufficient to apprise the employer of the mechanism of injury claimed and to reasonably inform the employer of what particular deficiency claimant is alleging so that they might be able to defend themselves in the matter.

Because the description of injury materially changed with each successive IC-8 filed by claimant, the Staff Hearing Officer finds little 'conceptual similarity' between claimant's first Application and the 'amendments' he filed early in 1999, and because they were filed beyond the 2 year Statute of Limitations, they are *time-barred* * * *." (Emphasis *sic*.)

{¶ 10} Six days after the SHO hearing, *State ex rel. Petrie v. Atlas Iron Processors, Inc*. (1999), 85 Ohio St.3d 372, 708 N.E.2d 716, issued. That case held that an outdoor fenced-in scrapyard could be considered a workshop for purposes of Ohio Adm.Code Chapter 4121:1-5. Citing *Petrie*, Johnson moved for rehearing. That motion was denied as follows:

"The Claimant has not submitted any new and relevant evidence nor has the claimant shown that the order of 4/22/1999 was based on an obvious mistake of fact.

"Pursuant to OAC 4121-3(20)(G), a Staff Hearing Officer reviews a motion for rehearing under the following criteria:

" '(a) In order to justify a rehearing of the commission's order, the motion shall be accompanied by new and additional proof not previously considered and relevant to the specific safety requirement violation.

" '(b) A rehearing may also be indicated in exceptional cases where the order was based on an obvious mistake of fact.'

"For the reason explained below the claimant's motion fails to satisfy either criteria cited above.

"In the instant case the claimant's motion is first premised on the submission of new case law, namely, *State ex rel. Petrie v. Industrial Commission of Ohio* [1999], 85 Ohio St.3d 372, 708 N.E.2d 716, as proporting [*sic*] to be additional proof not previously considered.

"The submission of this case is not found to be new and additional proof because new proof as contemplated by this rule would include such items as new

witness affidavits, records, documents, or other similar items that tend to establish the truth of a proposition advanced.

"The submission of new case law is not the type of objective neutral proof that can be evaluated and weighed as the above listed items can[;] therefore, the submission of the previously cited case law is not found to be new and additional proof as outlined by rule 4121-3-20.

"Furthermore, the hearing officer's language in regar[d] to determining that the area where the accident occurred is not a workshop, and his findings regarding the legal requirements for amending a VSSR application are both clearly *legal* not *factual* findings, and those findings are consequently outside of Rule 4121-3-20(G)[,] which permits rehearing for obvious *mistakes of fact*." (Emphasis *sic*.)

{¶ 11} In a mandamus action in the Court of Appeals for Franklin County, claimant alleged that the commission had abused its discretion. The court, in adopting the decision of its magistrate, issued a writ ordering further consideration on the question of the applicability of Ohio Adm.Code Chapter 4121:1-5 in light of *Petrie*. It upheld the balance of the commission's order. This cause is now before this court upon an appeal and a cross-appeal as of right.

{¶ 12} We must determine the applicability of two administrative code chapters as well as the timeliness of claimant's two amended applications. We hold that the court of appeals determined all of the issues correctly, and its judgment is hereby affirmed.

A. Applicability of Ohio Adm.Code Chapter 4121:1-5

{¶ 13} The parties disagree on the applicability of Ohio Adm.Code Chapter 4121:1-5, governing workshops and factories. The commission agrees with the appeals court judgment to issue a limited writ ordering reconsideration. Hilltop asserts that *Petrie* does not affect the commission's decision and opposes reconsideration. Claimant contends that *Petrie* dictates the applicability of the chapter.

**{¶ 14}** Hilltop discusses—generally accurately—two recent key decisions and the principles that had determined the applicability of Ohio Adm.Code Chapter 4121:1-5 prior thereto. The chapter, again, governs workshops and factories. Any specific safety requirement, however, regardless of chapter, must be specific enough to "plainly * * * apprise an employer of his legal obligations toward his employees." *State ex rel. Holdosh v. Indus. Comm.* (1948), 149 Ohio St. 179, 36 O.O. 516, 78 N.E.2d 165, syllabus. "[A]n employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies*." State ex rel. Double v. Indus. Comm.* (1992), 65 Ohio St.3d 13, 17, 599 N.E.2d 259.

**{¶ 15}** In conformity with these tenets, the chapter governing workshops and factories was for years limited to indoor work, since "workshop" or "factory" clearly implied a building. That changed two years ago.

**{¶ 16}** In *State ex rel. Parks v. Indus. Comm.* (1999), 85 Ohio St.3d 22, 706 N.E.2d 774, claimant was a tree trimmer injured after contacting an electrical line. He alleged a violation of Ohio Adm.Code 4121:1-5-23(E)(1) and (2), which required employers in the "electric utility and clearance tree-trimming industries" to provide insulated gloves. The commission denied the VSSR. Because claimant was "outdoors and up a tree," he was not injured in a workshop or factory, so Ohio Adm.Code Chapter 4121:1-5 did not apply, the commission decided. *Id*. at 23, 706 N.E.2d 774.

**{¶ 17}** We overturned that decision, stressing two things: (1) the existence of a specific safety requirement under Ohio Adm.Code Chapter 4121:1-5 that was directly on point and (2) that the regulated activity was not of a type that could be done inside:

"[C]ommon sense must prevail where the application of those rules gives rise to a patently illogical result. * * * The risk presented by the combination of clearing tree limbs in the vicinity of power lines rarely, if ever, occurs indoors.

Thus, imposing the general 'workshop or factory' limitation on the rule regulating this activity would essentially eliminate the application of the entire provision." *Id.* at 25, 706 N.E.2d 774.

Consequently, "activities that are regulated in Ohio Adm.Code 4121:1-5-23(E) and are obviously conducted outdoors must be considered an *exception* to the rule that Ohio Adm.Code Chapter 4121:1-5 protects activities occurring indoors in workshops or factories." (Emphasis added.) *Id.*

**{¶ 18}** In conclusion, we held:

"[W]here specific safety requirements regulate activities that can be performed indoors or outdoors, the Ohio Adm.Code 4121:1-5-01(A) workshops and factories restriction limits an employer's reasonable expectations of liability to VSSRs that are committed indoors. However, the rule must be different where activity is regulated but cannot be performed indoors. In that case, the employer cannot reasonably expect exemption because Ohio Adm.Code 4121:1-5-01(A) does not apply *exclusively* to workshops and factories." (Emphasis *sic*.) *Id.*, 85 Ohio St.3d at 26, 706 N.E.2d 774.

**{¶ 19}** *Parks* did not find that the claimant was injured in a workshop or factory. It found that when a two-prong test was met, a penalty for a VSSR could be assessed despite the fact that the claimant was not injured in a workshop or factory. Here, claimant cannot satisfy that test. In *Parks*, tree trimming was an activity specifically regulated by Ohio Adm.Code Chapter 4121:1-5, namely by section 4121:1-5-23(E)(2). Open-pit mining does not share this status. Therefore, with this exception unavailable, the claimant can prevail only if he can establish that he was indeed hurt in an area deemed a workshop or factory. And claimant's ability to do so has since been aided considerably by *Petrie.*

**{¶ 20}** Petrie was injured while working on a conveyor in a fenced-in scrapyard. The commission refused to apply Ohio Adm.Code Chapter 4121:1-5 and denied the application for an award for a VSSR. We again overturned the

decision, finding that "the scrapyard's perimeter fencing was a structural enclosure sufficient to classify it as a 'workshop' and render Ohio Adm.Code Chapter 4121:1-5 applicable." *Petrie,* 85 Ohio St.3d at 373, 708 N.E.2d 716. We reasoned:

"The fence, in this case, indeed set forth the boundaries of work activity. It also served to keep unauthorized nonemployees out, and, in so doing, established its confines as a place accessible only to employees for the purpose of carrying out the company's business." *Id.*

{¶ 21} Contrary to Hilltop's representation, the commission in the present case premised its finding that Ohio Adm.Code Chapter 4121:1-5 does not apply *solely* on the fact that claimant was hurt outdoors. *Petrie* establishes that such simple reasoning is no longer appropriate. Hilltop opposes reconsideration by the commission, asserting that the "record does not support a finding that Hilltop's entire facility is a 'workshop or factory' under this rule as set forth *Petrie*." That determination, however, is for the commission alone to make, which supports the court of appeals' decision to order further consideration of this question.

B. Applicability of Ohio Adm.Code Chapter 4121:1-3

{¶ 22} Claimant's objection to the commission's determination that Ohio Adm.Code Chapter 4121:1-3 does not apply is a simple matter of claimant's disagreeing—without legal foundation—with the commission's interpretation. Ohio Adm.Code Chapter 4121:1-3 covers "construction activity," which is defined to include "the demolition, dismantling, excavation, construction, erection, alteration, repairing, painting, decorating, glazing, cleaning, and pointing of *buildings* and *other structures* and the *installation* of machinery or equipment and all operations in connection therewith." (Emphasis added.) Ohio Adm.Code 4121:1-3-01(A).

{¶ 23} Ohio Adm.Code Chapter 4121:1-3 "covers 'construction' activities of employees whose employer engages in such work as its *principal* business. It also covers employees of other employers when the activities are performed in the

8

course of new construction or subsequent reconstruction of all or part of an existing structure, as well as substantial demolition or razing of an existing structure, *but does not cover employees of such other employers when the activities are performed in the ordinary course of maintenance work.*" (Emphasis added.) *Id.*

{¶ 24} Claimant cannot overcome the many obstacles to demonstrating that his activity was within this definition. Hilltop is an open gravel mine. While its *product* may be used by the construction industry, "construction," as defined in Ohio Adm.Code 4121:1-3-01(A) is not Hilltop's *principal business*. Moreover, even in the tangential sense of the second quoted paragraph, claimant was doing maintenance work when hurt. The commission did not, therefore, abuse its discretion in refusing to apply Ohio Adm.Code Chapter 4121:1-3.

C. Timeliness of Amended Applications

{¶ 25} At issue are claimant's two amended applications, filed January 26, 1999, and February 18, 1999. An adjudication of timeliness is important to claimant, since, without it, he cannot pursue violations alleged under R.C. Chapter 1567.

{¶ 26} Ohio Adm.Code 4121-3-20(A) requires that an application for an award for a VSSR be filed within two years of the date of injury. These were not. As an exception, subdivision (A)(1) of the same section also permits amendment within thirty days of the receipt of the commission's VSSR investigative report by claimant or counsel, with a possible one-time, thirty-day extension. Neither application satisfied this standard.

{¶ 27} These deficiencies, however, are not necessarily fatal to an amended application. An amendment that merely clarifies a previously alleged violation may be filed without regard to these time limits. *State ex rel. R. Bauer & Sons Roofing & Siding, Inc. v. Indus. Comm.* (1998), 84 Ohio St.3d 62, 66-67, 701 N.E.2d 995.

**{¶ 28}** In a well-reasoned order, the commission concluded that the claimant's amendments raised new claims and fell outside *Bauer*. See the SHO order quoted above.

**{¶ 29}** Indeed, claimant raises an entirely new set of allegations in invoking R.C. Chapter 1567. Nothing in claimant's previous applications, attachments, or narratives would have put Hilltop on timely notice of these alleged infractions under Ohio's mine safety provisions. As the SHO observed, claimant materially changed the description of the accident at every turn to justify his newest allegation. The employer has the right to know within two years of the date of injury of the charges made against it. Regarding violations claimed under R.C. Chapter 1567, notification did not happen.

**{¶ 30}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur**.**

––––––––––––––––––

*Anthony B. Pennington,* for appellant and cross-appellee.

*Taft, Stettinius & Hollister, L.L.P., Charles M. Stephan* and *Eric K. Combs,* for appellee and cross-appellant.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee.

––––––––––––––––––