[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sunesis Constr. Co. v. Indus. Comm.*, Slip Opinion No. 2018-Ohio-___.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-___

THE STATE EX REL. SUNESIS CONSTRUCTION COMPANY, APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sunesis Constr. Co. v. Indus. Comm.*, Slip Opinion No. 2018-Ohio-___.]**

*Workers' compensation—Violation of specific safety requirement—Industrial Commission did not abuse it discretion in granting additional award— Record contained evidence supporting commission's finding that specific safety requirement applied, that employer violated it, and that violation was proximate cause of injury—Whether worker disobeyed employer's instruction to stay out of hazardous area is immaterial.*

(No. 2015-1773—Submitted October 17, 2017 — Decided January 2, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 13AP-449, 2015-Ohio-3973.

_____

**Per Curiam**.

{¶ 1} Appellant, Sunesis Construction Company, filed a petition for a writ of mandamus in the Tenth District Court of Appeals alleging that appellee Industrial Commission abused its discretion when it issued an award of additional compensation for violation of a specific safety requirement ("VSSR") based on Ohio Adm.Code 4123:1-3-13(D)(1), (D)(2), (E)(1), (E)(2), and (E)(4), which regulate trenches and excavations in the construction industry.

{¶ 2} The court of appeals concluded that there was some evidence supporting the commission's decision and denied the writ of mandamus. For the reasons that follow, we affirm.

## Facts and Administrative Proceedings

{¶ 3} Timothy R. Roark was employed by Sunesis as a laborer on a sewer excavation and construction project. On July 31, 2005, Roark was working alone at the bottom of a trench. The trench collapsed or caved in on top of him, resulting in his death. There were no witnesses to the accident. Other workers discovered Roark buried up to his neck in dirt, rock, and debris. He died from a skull fracture and traumatic asphyxia.

{¶ 4} The Bureau of Workers' Compensation allowed a death claim and awarded benefits to Roark's dependent children. The dependents filed a separate application for an additional award based on numerous violations of specific safety requirements ("SSRs") that apply to sloping, shoring, and bracing to stabilize the sides of trenches and excavations.

{¶ 5} The commission issued three orders addressing the merits of the VSSR application. In 2008, a staff hearing officer concluded that Roark's death was the result of Sunesis's failure to properly support the trench excavation in which he was working. The hearing officer ordered Sunesis to pay an additional award of compensation based on some, but not all, of the alleged violations of Ohio Adm.Code 4123:1-3-13.

**{¶ 6}** Sunesis filed for mandamus relief in the Tenth District Court of Appeals. On September 21, 2010, the court issued a writ of mandamus ordering the commission to enter a new order that complied with *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 567 N.E.2d 245 (1991) (in any order granting or denying benefits, the commission must specifically state what evidence has been relied upon and briefly explain its reasoning).

**{¶ 7}** In 2011, a staff hearing officer issued a second order, again granting the VSSR application in part and denying it in part. The hearing officer made the following factual findings based on photographs taken at the scene and the testimony of Chuck Renken, the employer's director of human resources and safety at the time of the accident, and Jeffrey Darrah, Sunesis's vice president and engineer. Roark was working alone at the bottom of a 20-foot-deep trench. Three sides of the trench were adequately shored. One was composed of solid concrete and shale rock, one was secured by steel road plates, and a third was secured by a ten-foot-tall trench box. The fourth wall consisted of soil that Sunesis attempted to shore up by sloping the wall and inserting a steel plate at the top of the wall above the sloped area. It was this sloped wall that caved in on Roark.

**{¶ 8}** The hearing officer concluded that the slope was not sufficient to protect employees working in the trench, did not meet accepted engineering requirements, and did not comply with standards of the Occupational Safety and Health Administration ("OSHA") or Sunesis's own safety standards. Thus, the hearing officer concluded, based on Renken's testimony and the depositions of Gary Bradford, field superintendent, and Anthony Roark, site supervisor and decedent's brother, that Roark was working in soft, wet material and was exposed to moving ground or the possibility of a cave-in in violation of Ohio Adm.Code 4123:1-3-13(D)(1) and (2) (unstable or soft material in trenches where employees may be exposed to moving ground or cave-ins shall be supported by sufficient means to protect them).

{¶ 9} The hearing officer also determined that the slope did not meet accepted engineering requirements and that this failure was the proximate cause of the cave-in. Thus, the hearing officer concluded that Sunesis also violated Ohio Adm.Code 4123:1-3-13(E)(1), (2), and (4) (excavations in which employees are exposed to danger from moving ground shall be guarded, shall be designed by a qualified person, and shall meet accepted engineering requirements).

{¶ 10} Finally, the hearing officer rejected Sunesis's argument that Roark disregarded instructions to work inside a large underground pipe known as a casing and that his failure to do so was the proximate cause of his death, finding no evidence that any such instruction was ever given.

{¶ 11} Sunesis filed a motion for rehearing. The commission determined that the 2011 order was based on a clear mistake of law and ordered rehearing so that a staff hearing officer could identify the amount of sloping necessary based on the type of soil involved, according to Table 13-1 in the appendix to Ohio Adm.Code 4123:1-3-13(D)(1) and (2).

{¶ 12} A staff hearing officer issued a third order, in October 2012, adding language that identified the type of soil involved as "soft material, Class C soil with ground water" and stated that Table 13-1 addresses the approximate angle of repose for sloping of sides of excavations. A note to Table 13-1 states, "The presence of ground water requires special treatment."

{¶ 13} In all other respects, the 2012 order was identical to the 2011 order.

{¶ 14} In March 2013, the commission denied Sunesis's request for reconsideration and ordered that the October 2012 order remain in effect.

### Petition for Writ of Mandamus

{¶ 15} On May 30, 2013, Sunesis filed a petition for a writ of mandamus in the Tenth District Court of Appeals seeking an order compelling the commission to vacate the October 2012 order and to deny the VSSR application.

**{¶ 16}** The court of appeals denied the writ. The court stated that Roark's negligence was not relevant because SSRs are intended to protect even negligent employees and Roark's negligence would bar a VSSR award only if he had deliberately neutralized the slope of the trench.

**{¶ 17}** Next, the court of appeals concluded that the hearing officer did not abuse his discretion when he failed to determine the actual degree of the slope per Table 13-1:

> The [staff hearing officer's] order in this case clearly specified that the soil on the unbraced end of the trench was wet and presented the potential for moving ground requiring "special treatment." The [staff hearing officer] therefore did not need to refer to the slope specifications of Table 13-1 for different types of ground because wet ground specifically falls outside the table guidelines.

(Footnote omitted.) 2015-Ohio-3973 at ¶ 12.

**{¶ 18}** The court further stated that the "testimony in the record clearly corroborates the reference to Type C soil as soft, wet, non-homogenous, saturated soil that presented an increased risk of cave-in." *Id.* at ¶ 13.

**{¶ 19}** In addition, the court of appeals determined that the testimony of four Sunesis employees—Anthony Roark, Chuck Renken, Jeffrey Darrah, and Gary Bradford—was sufficient evidence to support the commission's conclusion that Sunesis had failed to adequately brace or slope the fourth side of the trench and that the failure was the proximate cause of the accident. The court stated that this testimony, along with photographs in the record, constituted some evidence to support the commission's determination that the deficient trench design was the proximate cause of the collapse.

**{¶ 20}** Finally, the court of appeals concluded that there was some evidence that the design of the trench did not meet accepted engineering requirements, including evidence, also based on testimony from Sunesis employees, that the trench did not meet accepted OSHA or Sunesis internal standards.

**{¶ 21}** The direct appeal filed by Sunesis is before the court.

### Legal Analysis

**{¶ 22}** To prevail on its claim for the extraordinary remedy of a writ of mandamus, Sunesis must demonstrate that the commission's decision to issue a VSSR award was an abuse of discretion. *See State ex rel. Armstrong Steel Erectors, Inc. v. Indus. Comm.*, 144 Ohio St.3d 243, 2015-Ohio-4525, 41 N.E.3d 1233, ¶ 13. An abuse of discretion occurs when the record contains no evidence to support the commission's order. *State ex rel. Burley v. Coil Packing, Inc*., 31 Ohio St.3d 18, 20, 508 N.E.2d 936 (1987). So long as some evidence supports the commission's order, there was no abuse of discretion, and the court must uphold the decision. *Armstrong Steel Erectors* at ¶ 13.

**{¶ 23}** When a VSSR is alleged against an employer, the commission must determine whether an SSR was in effect and applied at the time of the injury, whether the employer violated the requirement, and whether the failure to comply proximately caused the injury. *State ex rel. Supreme Bumpers, Inc. v. Indus. Comm*, 98 Ohio St.3d 134, 2002-Ohio-7089, 781 N.E.2d 170, ¶ 46.

**{¶ 24}** The commission determined that Sunesis violated the following sections of Ohio Adm.Code 4123:1-3-13:

> (D) Trenches.
>
> (1) The exposed faces of all trenches more than five feet high shall be shored, laid back to a stable slope, or some other equivalent means of protection shall be provided where employees

6

may be exposed to moving ground or cave-ins. (See appendix "Table 13-1").

(2) Sides of trenches in unstable or soft material, five feet or more in depth, shall be shored, sheeted, braced, sloped, or otherwise supported by means of sufficient strength to protection employees working within them. (See appendix Table 13-1 and "Table 13-2").

* * *

(E) Excavations.

(1) The walls and faces of all excavations in which employees are exposed to danger from moving ground shall be guarded by a shoring system, sloping of the ground, or some other equivalent means.

(2) Supporting systems, i.e. piling, cribbing, shoring, etc., shall be designed by a qualified person and shall meet accepted engineering requirements.

* * *

(4) Sides, slopes, and faces of all excavations shall meet accepted engineering requirements by scaling, benching, barricading, rock bolting, wire meshing, or other equally effective means.

{¶ 25} Sunesis argues that the commission's decision was not supported by some evidence in the record. First, Sunesis maintains that it should not be responsible for Roark's unilateral negligence in entering a hazardous area when instructed to stay out. Next, Sunesis argues that the commission failed to address the requirements in Table 13-1—the angle of the slope and whether "special treatment" was required. Third, Sunesis contends that there was a lack of evidence that a VSSR proximately caused the injury.

{¶ 26} Sunesis's arguments lack merit. The commission's order was supported by evidence in the record that (1) Sunesis violated the SSRs at issue, (2) Table 13.1 did not apply, (3) the VSSRs were the proximate cause of Roark's death, and (4) unilateral negligence does not apply as a defense.

{¶ 27} Here, the commission relied on the testimony of Sunesis employees that the trench at issue was more than five feet high and consisted of unstable or soft material, thus exposing employees to moving ground or cave-ins. The commission also relied on evidence that Sunesis employees had inserted a steel plate at the top of the fourth wall, but it did not cover the sloped portion of the wall that caved in on Roark, resulting in his death. Thus, there was some evidence to support the commission's conclusion that Sunesis violated 4123:1-3-13(D)(1) and (2) by failing to provide a support of sufficient strength to protect employees from moving ground or cave-ins.

{¶ 28} In addition, the commission relied on the testimony of Sunesis employees that no one at Sunesis consulted an engineer about the design of the slope of the trench wall and that the sloped wall did not meet accepted engineering requirements, including OSHA or Sunesis safety standards. Thus, there was some evidence that Sunesis had violated Ohio Adm.Code 4123:1-3-13(E)(1), (2), and (4). The commission acknowledged Table 13-1, but as the court of appeals stated, the soil on the unbraced end of the trench was wet and presented the potential for moving ground that required "special treatment" under Table 13-1. Consequently, the wet ground specifically fell outside the guidelines of Table 13-1.

{¶ 29} Finally, the defense of unilateral negligence does not apply here. Because the critical issue in a VSSR claim is always whether the employer complied with the SSR, *see State ex rel. Quality Tower Serv., Inc. v. Indus. Comm.*, 88 Ohio St.3d 190, 193, 724 N.E.2d 778 (2000), an employee's conduct, even if negligent, is not relevant to a VSSR determination unless the injury is caused by the claimant's deliberate circumvention or disabling of a safety device or refusal to

use employer-provided safety equipment. *State ex rel. Pressware Internatl., Inc. v. Indus. Comm.*, 85 Ohio St.3d 284, 288, 707 N.E.2d 935 (1999). The commission did not abuse its discretion when it refused to consider the issue of unilateral negligence.

{¶ 30} Therefore, it was within the commission's discretion to conclude that the trench was not properly shored or braced, exposing employees to the danger of moving ground, and that Sunesis's failure to comply with the SSRs at issue proximately caused the death of Roark. Because Sunesis failed to demonstrate that the commission abused its discretion when it issued a VSSR award, we affirm the judgment of the court of appeals denying the extraordinary remedy of a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Dunlevy, Mahan & Furry, Douglas S. Jenks, William H. Barney, and Gary W. Auman, for appellant.

Michael DeWine, Attorney General, and Andrew J. Alatis and Cheryl J. Nester, Assistant Attorneys General, for appellee Industrial Commission.

Fox & Fox Co., L.P.A., Bernard C. Fox, and Karen P. Mitchell, for appellee Timothy R. Roark, deceased.

_____