**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cassens Corp. v. Indus. Comm.*, Slip Opinion No. 2024-Ohio-526.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-526

THE STATE EX REL. CASSENS CORP., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cassens Corp. v. Indus. Comm.*, Slip Opinion No. 2024-Ohio-526.]**

*Workers' compensation—Violation of specific safety requirements—Ohio Adm.Code 4123:1-5-13(C)(4)—Industrial Commission abused its discretion in granting additional award—Record did not contain some evidence supporting Industrial Commission's finding that purpose of an outdoor yard where vehicles were stored or staged for transport was conducting type of work that would classify the outdoor yard as a "workshop" under Ohio Adm.Code Chapter 4123:1-5—Industrial Commission erred by deciding that claimant was injured in a "workshop," and this conclusion precludes a finding that employer failed to comply with Ohio Adm.Code 4123:1-5-13(C)(4)—Court of appeals' judgment granting writ of mandamus affirmed.*

(No. 2022-1208—Submitted November 14, 2023—Decided February 14, 2024.)

Appeal from the Court of Appeals for Franklin County,

No. 21AP-93, 2022-Ohio-2936.

_____

**Per Curiam.**

{¶ 1} This case is a direct appeal from an original action in mandamus filed by appellee, Cassens Corp., a self-insuring employer, in the Tenth District Court of Appeals. The Tenth District granted a writ of mandamus compelling appellant, Industrial Commission of Ohio, to vacate its order finding that Cassens had violated a specific safety requirement ("VSSR") and granting an application for an additional workers' compensation award. The commission appealed to this court. Because the commission abused its discretion by finding that Cassens had violated Ohio Adm.Code 4123:1-5-13(C)(4), Cassens is entitled to a writ of mandamus. We affirm the Tenth District's judgment.

## BACKGROUND

{¶ 2} Cassens provides transport services for automobile manufacturers by transporting vehicles from the manufacturers' factories to dealerships and other sellers. In February 2018, Luis Ybarra[1] was working as a driver for Cassens at the Chrysler Group Yard in Toledo, which is completely enclosed by a gated and guarded fence. On site is a Chrysler manufacturing plant, where new vehicles are assembled and prepared for transport to sellers. Other new vehicles are transported to a "drop zone" in the yard by an auto-carrier truck. Cassens's employees drive these vehicles from the plant or the drop zone to a large outdoor parking lot, where the vehicles are temporarily stored until they are ready to be transported to sellers. When the vehicles are ready to be transported, Cassens's employees drive the

_____

1. Ybarra, a named respondent in the mandamus action, did not file a notice of appeal from the court of appeals' judgment and has not filed a brief or otherwise appeared in this court in this matter.

vehicles from the parking lot to a staging area, where they are loaded onto auto-carrier trucks or trains and then transported to their final destinations.

{¶ 3} On February 5, 2018, after driving to and parking a vehicle in the staging area, Ybarra was walking back in the yard to get another vehicle when he was struck from behind by a Dodge Durango being driven by a coworker, causing multiple injuries to Ybarra's body. The coworker had failed to clear snow and ice from the windshield of the Durango and had not seen Ybarra. By failing to clear the windshield, the coworker violated Cassens's company policy and contractual rules, and the coworker was terminated from his employment. Ybarra's workers' compensation claim was allowed for numerous conditions.

{¶ 4} In September 2019, Ybarra filed an application for an additional workers' compensation award, alleging that his injuries were the result of Cassens's violation of Ohio Adm.Code 4123:1-5-13(C)(4).[2] Ohio Adm.Code Chapter 4123:1-5 applies "to all workshops and factories subject to the Workers' Compensation Act." Ohio Adm.Code 4123:1-5-01(A). At the time of the collision that caused Ybarra's injuries, former Ohio Adm.Code 4123:1-5-13(C)(4) provided, "General requirements for motor vehicles and mobile mechanized equipment. * * * All cab glass shall be safety glass or equivalent with the vision unimpaired by its condition." 2015-2016 Ohio Monthly Record 2-4544, effective June 1, 2016.[3]

{¶ 5} A staff hearing officer ("SHO") for the commission found that "the Chrysler yard's perimeter was fenced with gates for entry and exit, which were guarded and not open to unauthorized people"; that Cassens's "business operations

---

2. Ybarra subsequently amended his application to add a claim for an alleged violation of Ohio Adm.Code 4123:1-5-13(C)(7), pertaining to audible or visual warning devices on a motor vehicle. Ybarra later withdrew this claim.

3. Today, Ohio Adm.Code 4123:1-5-13(C)(4) similarly provides, "General specifications for motor vehicles and mobile mechanized equipment. * * * All cab glass will be safety glass or equivalent with the vision unimpaired by its condition." 2022-2023 Ohio Monthly Record 2-3157, effective June 30, 2023.

at the Chrysler yard were always conducted outside in the parking lot within an approximately one-half mile area where vehicles were staged for transport by railcar or carrier truck"; and that these "facts set forth are sufficient to classify the Chrysler yard as a 'workshop' " under Ohio Adm.Code 4123:1-5-01(A). The SHO further found that the Durango that struck Ybarra was a "motor vehicle" regulated by Ohio Adm.Code 4123:1-5-13(C)(4); that Cassens violated that regulation because "the snow on the windshield created a condition on the [cab] glass which impaired vision"; and that because Cassens did not comply with the specific safety requirement, any issue of the coworker's negligence, as argued by Cassens, was rendered moot. The SHO granted Ybarra's application for the additional award, and the commission denied further review.

{¶ 6} Cassens filed a complaint in the Tenth District requesting a writ of mandamus to compel the commission to vacate the order that granted the additional award and to refund all additional compensation paid by Cassens in accordance with the commission's order. The Tenth District granted the writ, concluding that the commission had abused its discretion in finding that "the Chrysler outdoor yard constituted a workshop within the meaning of Ohio Adm.Code Chapter 4123:1-5" and that in light of the commission's abuse of discretion in finding the yard to be a workshop, Cassens could not have committed a VSSR under Ohio Adm.Code 4123:1-5-13(C)(4). 2022-Ohio-2936, 195 N.E.3d 214, ¶ 14.

{¶ 7} The commission appealed to this court as of right and asserts two propositions of law:

> 1. An enclosed, restricted, and fenced-in area, where motor vehicles are used as an integral and primary part of the Employer's work process, constitutes a workshop or factory.
> 2. The Tenth District was in error when it found that the place of the enclosed, outdoor staging area, where Ybarra did his

4

manual labor of moving motor vehicles, was not "a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise."

We decline to adopt either proposition of law.

### ANALYSIS

{¶ 8} Cassens is entitled to a writ of mandamus if it shows by clear and convincing evidence that it has a clear legal right to the requested relief, that the commission has a clear legal duty to provide that relief, and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 166 Ohio St.3d 216, 2021-Ohio-3669, 184 N.E.3d 81, ¶ 10.

{¶ 9} R.C. 4123.512(A) provides for the right to appeal a commission's final order "in any injury or occupational disease case, other than a decision as to the extent of disability." Appellate review is limited to "decisions involving a claimant's right to participate or to continue to participate" in the workers' compensation fund. *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), paragraph one of the syllabus, citing former R.C. 4123.519 (renumbered as R.C. 4123.512, effective Oct. 20, 1993, Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 3153-3156). Because the commission's decision regarding a VSSR does not involve a claimant's right to participate or to continue to participate in the fund, it is not appealable under R.C. 4123.512(A) and must be challenged by a writ of mandamus. *See State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 540-541, 605 N.E.2d 372 (1992).

{¶ 10} In a direct appeal of a mandamus action originating in a court of appeals, we review the judgment as if the action had been originally filed here. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 164, 228 N.E.2d 631 (1967). A writ of mandamus may lie when there is a legal basis to compel the commission to perform its duties under the law or when the commission has abused

its discretion in carrying out its duties. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9. "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion." *State ex rel. Mobley v. Indus. Comm.*, 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997). But "[a] mandatory writ may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law." *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65, 322 N.E.2d 660 (1975).

{¶ 11} Article II, Section 35 of the Ohio Constitution allows for an award of additional compensation to a worker who sustains injuries as a result of a "failure of the employer to comply with any specific requirement," i.e., a VSSR. *See* R.C. 4121.47(A) ("No employer shall violate a specific safety rule adopted by the administrator of workers' compensation pursuant to section 4121.13 of the Revised Code or an act of the general assembly to protect the lives, health, and safety of employees pursuant to Section 35 of Article II, Ohio Constitution"). A VSSR award "is in the nature of a penalty, and it was the purpose of the Constitution to impose such penalty upon the employer who failed to comply, and not upon him who did comply." *State ex rel. Whitman v. Indus. Comm.*, 131 Ohio St. 375, 379, 3 N.E.2d 52 (1936). It is therefore imperative that a safety requirement "be specific enough to ' "plainly * * * apprise an employer of [its] legal obligations towards [its] employees." ' " *State ex rel. Double v. Indus. Comm.*, 65 Ohio St.3d 13, 16-17, 599 N.E.2d 259 (1992), quoting *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.*, 37 Ohio St.3d 162, 163, 524 N.E.2d 482 (1988), quoting *State ex rel. Holdosh v. Indus. Comm.*, 149 Ohio St. 179, 78 N.E.2d 165 (1948), syllabus. "[A]n employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies." *Double* at 17; *accord*

*State ex rel. Johnson v. Hilltop Basic Resources, Inc.*, 95 Ohio St.3d 36, 39-40, 765 N.E.2d 323 (2002).

**{¶ 12}** To prevail on a VSSR claim, the claimant must establish that an applicable specific safety requirement was in effect at the time of the injury, that the employer failed to comply with the requirement, and that the failure to comply proximately caused the injury. *State ex rel. Sunesis Constr. Co. v. Indus. Comm.*, 152 Ohio St.3d 297, 2018-Ohio-3, 95 N.E.3d 377, ¶ 23.

**{¶ 13}** The specific provisions of Ohio Adm.Code Chapter 4123:1-5 "apply to all workshops and factories subject to the Workers' Compensation Act." Ohio Adm.Code 4123:1-5-01(A). The commission premised its finding that Ohio Adm.Code 4123:1-5-13(C)(4) applies here by reasoning that Ybarra was injured in a "workshop," which is a term not defined in any applicable Administrative Code or Revised Code section. When a term is undefined in the Administrative Code or in the Revised Code, it must be read in its context and in accordance with grammar rules and common usage. R.C. 1.42 and 1.41; *Harris v. Hilderbrand*, 172 Ohio St.3d 471, 2023-Ohio-3005, 224 N.E.3d 1118, ¶ 26; *State ex rel. Internatl. Assn. of Fire Fighters, Local 1536, AFL-CIO v. Sakacs*, 172 Ohio St.3d 462, 2023-Ohio-2976, 224 N.E.3d 1110, ¶ 17.

**{¶ 14}** We have previously embraced the following dictionary definition of "workshop" for purposes of Ohio Adm.Code Chapter 4123:1-5: " 'Within Workmen's Compensation Acts, a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' " *State ex rel. Buurma Farms, Inc. v. Indus. Comm.*, 69 Ohio St.3d 111, 113, 630 N.E.2d 686 (1994), quoting *Black's Law Dictionary* 1781 (4th Ed.Rev.1968); *see Double*, 65 Ohio St.3d at 15, 599 N.E.2d 259; *State ex rel. Waugh v. Indus. Comm.*, 77 Ohio St.3d 453, 455, 674 N.E.2d 1385 (1997). Under this definition, we have held that while a "workshop" does not have to be located indoors, *Johnson*, 95 Ohio

St.3d at 41, 765 N.E.2d 323, it must be "located within some form of structural enclosure," *Waugh* at 454.[4]

{¶ 15} As noted by the Tenth District, the *Black's Law Dictionary* definition of "workshop" is consistent with the definition set forth in *Webster's Ninth New Collegiate Dictionary*: " '[a] small establishment where manufacturing or handicrafts are carried on.' " *State ex rel. Wiers Farm Co. v. Indus. Comm.*, 10th Dist. Franklin No. 92AP-391, 1993 WL 120068, *2 (Apr. 13, 1993), quoting *Webster's Ninth New Collegiate Dictionary* 1360 (1987), *aff'd*, 69 Ohio St.3d 569, 634 N.E.2d 1019 (1994); *see State ex rel. Haire v. Indus. Comm.*, 154 Ohio App.3d 82, 2003-Ohio-4570, 796 N.E.2d 67, ¶ 23 (10th Dist.). Similarly, *Webster's Third New International Dictionary* 2635 (2002) defines "workshop" as "a small establishment where manufacturing or craftwork is carried on by a proprietor with or without helpers and often without power machinery."

{¶ 16} Here, the court of appeals determined that "there was not some evidence to support a finding that the purpose of the outdoor yard was conducting the type of work that would classify the outdoor yard as a workshop" and that "[t]he commission placed too much emphasis on the presence of the perimeter fence." 2022-Ohio-2936, 195 N.E.3d 214, at ¶ 14. We agree. The mere presence of a guarded and gated perimeter fence, in and of itself, is not sufficient to classify the enclosure as a "workshop" under Ohio Adm.Code Chapter 4123:1-5. There is no evidence in this record that Cassens's business is one of craftwork, trade, or manufacturing, with or without power machinery. The vehicles are manufactured

---

4. An exception to the general terms of former Ohio Adm.Code Chapter 4121:1-5 (renumbered as 4123:1-5, 2003-2004 Ohio Monthly Record 1166-1169, effective Nov. 1, 2003) was recognized in *State ex rel. Parks v. Indus. Comm.*, 85 Ohio St.3d 22, 706 N.E.2d 774 (1999). We held in that case that the specific safety requirements of former Ohio Adm.Code 4121:1-5-23(E) (renumbered as 4123:1-5-23(E), 2003-2004 Ohio Monthly Record 1168, 1295-1296, effective Nov. 1, 2003) are not limited to "workshops and factories," because the special requirements of that provision "apply only to the electric utility and clearance tree-trimming industries," which are activities that *cannot* be performed indoors, *Parks* at 25-26.

and assembled by Chrysler's employees, not by Cassens's employees. Cassens's employees drive the new vehicles from either the plant or the drop zone to a large outdoor parking lot for temporary storage, then to a staging area where the vehicles are loaded onto auto-carrier trucks or trains. Indeed, the commission admits in its reply brief that Cassens's "primary business was *only* to *move* the manufactured motor vehicles." (Emphasis sic.)

{¶ 17} The commission argues that the court of appeals erred by refusing to follow *State ex rel. Petrie v. Atlas Iron Processors, Inc.*, 85 Ohio St.3d 372, 708 N.E.2d 716 (1999), in which we held that perimeter fencing rendered the employer's outdoor scrapyard a "structural enclosure sufficient to classify it as a 'workshop' " under former Ohio Adm.Code Chapter 4121:1-5. *Id*. at 373.[5] The record in *Petrie* supported a finding that the fence "set forth the boundaries of work activity," "served to keep unauthorized nonemployees out," and "established its confines as a place accessible only to employees for the purpose of carrying out the company's business." *Id*. The employee in *Petrie* was injured while removing ice and frozen debris from a moving conveyor used for sorting scrap metal. *Id.* at 372. Unlike here, there was no dispute in that case about whether the purpose of the scrapyard was to conduct the type of work that would classify the scrapyard as a "workshop," and we did not make a determination in that regard. Thus, *Petrie* does not control here.

{¶ 18} We conclude that the commission erred by deciding that Ybarra was injured in a "workshop." Because this conclusion precludes a finding that Cassens failed to comply with Ohio Adm.Code 4123:1-5-13(C)(4), Cassens has a clear legal

---

5. The commission contends that we rejected prior case law in *Petrie* by not citing *Buurma Farms*, *Waugh*, and *Double*. In *Buurma Farms*, the employee was injured within a three-sided building. 69 Ohio St.3d at 111-112, 630 N.E.2d 686. In *Waugh*, the employee was not injured within any kind of structural enclosure. 77 Ohio St.3d at 453, 674 N.E.2d 1385. And in *Double*, the employer was subject to regulations governing construction safety, not workshop and factory safety. 65 Ohio St.3d at 16, 599 N.E.2d 259. We did not explicitly overrule these cases in *Petrie*. And because each of these decisions are inapposite to *Petrie*, the commission's contention has no merit.

right to an order finding it not liable for the alleged VSSR and the commission has a clear legal duty to vacate its order that found otherwise. Cassens is entitled to a writ of mandamus.

{¶ 19} As alternative bases for affirming the court of appeals' judgment, Cassens asserts two propositions of law in its merit brief arguing first that Ohio Adm.Code 4123:1-5-13(C)(4) does not apply to the temporary accumulation of snow on the Durango that struck Ybarra and second that Cassens cannot be held liable for the coworker's actions when the coworker violated Cassens's work rules and Cassens had no knowledge of the violation. The court of appeals did not address either of these arguments, determining that its holding on the "workshop" issue rendered them moot. *See* 2022-Ohio-2936, 195 N.E.3d 214, at ¶ 15. R.C. 2505.22 allows an appellee to assert assignments of error without filing a cross-appeal to preserve the lower court's judgment, *see, e.g.*, *State ex rel. Chrysler Corp. v. Indus. Comm.*, 81 Ohio St.3d 158, 167, 689 N.E.2d 951 (1998), but the assignments of error "may be considered by a reviewing court only when necessary to prevent a reversal of the judgment under review," *Parton v. Weilnau*, 169 Ohio St. 145, 158 N.E.2d 719 (1959), paragraph seven of the syllabus. Because we hold that the commission erred by finding that Ybarra was injured in a "workshop," it is not necessary to consider these additional arguments raised by Cassens.[6]

## CONCLUSION

{¶ 20} We affirm the Tenth District Court of Appeals' judgment granting a writ of mandamus. As requested in Cassens's mandamus complaint, Cassens is entitled to a writ that compels the commission (1) to vacate its order that granted

---

6. Additionally, we need not decide the extent to which we should defer to the commission's interpretation of a specific safety rule, *see, e.g.*, *State ex rel. Internatl. Truck & Engine Corp. v. Indus. Comm.*, 122 Ohio St.3d 428, 2009-Ohio-3502, 912 N.E.2d 85, ¶ 10, after *TWISM Ents., L.L.C. v. State Bd. of Registration for Professional Engineers & Surveyors*, 172 Ohio St.3d 225, 2022-Ohio-4677, 223 N.E.3d 371, ¶ 3, because the parties did not brief this point and the case can be resolved on other grounds.

Ybarra's application for an additional workers' compensation award and (2) to refund all additional compensation paid by Cassens in accordance with the commission's order.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————

Morrow & Meyer, L.L.C., Susan Chae Rank, and Corey V. Crognale, for appellee.

Dave Yost, Attorney General, and Andrew J. Alatis, Assistant Attorney General, for appellant.

————————