THE STATE, EX REL. NIEBEL, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

(No. 73-259—Decided November 21, 1973.)

*Mr. James T. Millican,* for appellant.
*Mr. William J. Brown,* attorney general, *Mr. Phillip T. Parisi,* and *Mr. Arthur Zalud,* for appellees.

*Per Curiam.* It is the contention of appellant that the specific safety requirements allegedly violated are prescribed by R. C. 4101.11, 4101.12 and 4101.13. R. C. 4101.-11 requires employers to "furnish and use safety devices and safeguards." R. C. 4101.12 admonishes employers from failing to "furnish, provide, and use safety devices and safeguards." R. C. 4101.13 directs that: "No employees shall remove * * * any safety device or safeguard furnished * * *."

Appellant concedes the accuracy of the conclusion of the Court of Appeals, that those statutes are "general in character and that the violation thereof does not produce the basis for an additional award for the violation of a safety requirement." However, he argues that when machinery is equipped with a safety device or safeguard provided by the manufacturer, the removal of the safety device by the employer converts the application of the statutes in question from general to specific because of the employer's affirmative act.

Section 35, Article II of the Constitution of Ohio, reads, in part:

"Such board [the Industrial Commission] shall have full power and authority to hear and determine whether or not an injury * * * resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees,

enacted by the General Assembly or in the form of an order adopted by such board * * *."

The acceptance of appellant's argument would require this court to hold that the general character of the statutes in question is changed by facts extrinsic to such statutes. It is the statute, or commission order, that must be looked to under the Constitution with regard to whether a specific requirement or general course of conduct is contemplated. The statutes in question, general in nature under the test of *Holdosh* v. *Indus. Comm.* (1948), 149 Ohio St. 179, are not thus changed by actions of the employer.

For the foregoing reasons, the judgment of the Court of Appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.