[Cite as *State ex rel. Taylor v. Indus. Comm.*, 2022-Ohio-2598.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Richard E. Taylor, | : | |
| Relator, | : | |
| | : | No. 21AP-495 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on July 28, 2022

**On brief**: *Nager, Romaine & Schneiberg Co., L.P.A.,
Jerald A. Schneiberg*, and *Erin E. Karski*, for relator.

**On brief**: *Dave Yost*, Attorney General, and *Denise A. Gary*,
for respondent Industrial Commission of Ohio.

**On brief**: *Sherri Bevan Walsh*, Prosecuting Attorney, and
*Marvin D. Evans*, for respondent Summit County DD Board.

IN MANDAMUS

McGRATH, J.

{¶ 1} Relator, Richard E. Taylor, has filed this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the order of its staff hearing officer ("SHO") finding that respondent-employer, Summit County, did not violate a specific safety requirement.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. The magistrate issued the appended decision, including findings of facts and conclusions of law, recommending that this court

deny relator's request for a writ of mandamus.[1]  Specifically, the magistrate concluded that the SHO properly determined the specific safety requirements set forth in Ohio Adm.Code 4123:1-5-13(C)(7) and 4123:1-5-14(G)(1) did not apply to the circumstances in this case.  No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision (except for the clerical error in the disposition line noted above), this court adopts (as modified) the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's recommendation, we deny relator's request for a writ of mandamus.

*Writ of mandamus denied.*

KLATT and JAMISON, JJ., concur.

————————————

[1] We note the disposition line of the magistrate's decision contains a clerical error, inadvertently stating it is the magistrate's decision that this court deny the "employer's" petition, which we sua sponte modify to reflect the magistrate's recommendation that this court should deny the "relator-claimant's" petition for a writ of mandamus.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Richard E. Taylor, | : | |
| Relator, | : | |
| v. | : | No. 21AP-495 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on March 24, 2022

*Nager, Romaine & Schneiberg Co., L.P.A., Jerald A. Schneiberg,* and *Erin E. Sawyer*, for relator.

*Dave Yost,* Attorney General, and *Denise A. Gary,* for respondent Industrial Commission of Ohio.

*Sherri Bevan Walsh,* Prosecuting Attorney*, Marvin D. Evans*, for respondent Summit County DD Board.

### IN MANDAMUS

{¶ 4} Relator, Richard E. Taylor ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that found that respondent Summit County ("employer") did not violate a specific safety requirement ("VSSR").

Findings of Fact:

{¶ 5} 1. On January 19, 2018, claimant sustained a work-related injury when he was working as a bus attendant for the employer and fell into the space between the bus and a wheelchair lift outside the bus while unloading a client who was in a wheelchair. At

the time he fell, claimant was inside the bus, which was parked on a public street in Akron, Ohio. Claimant's workers' compensation claim was allowed for strain of muscle, fascia and tendon of lower back; strain of unspecified site of left knee; contusion of left knee; strain of muscle, fascia and tendon of left hip; unspecified sprain of left foot; medial meniscus tear, left knee; and L5 compression deformity.

{¶ 6} 2. On January 21, 2020, claimant filed an application for an additional award for VSSR, alleging that the employer had violated Ohio Adm.Code 4123:1-5-13(C)(7) and 4123:1-5-14(G)(1).

{¶ 7} 3. Ohio Adm.Code 4123:1-5-13(C)(7), entitled "Motor vehicles, mobile mechanized equipment, and marine operations," provides, in pertinent part:

> (C) General requirements for motor vehicles and mobile mechanized equipment.
>
> * * *
>
> (7) All motor vehicles operating within the confines of the owner's property shall be equipped with an audible or visual warning device, in an operable condition, activated at the operator's station.

{¶ 8} 4. Ohio Adm.Code 4123:1-5-14(G)(1) provides, in pertinent part:

> (G) Specific requirements applicable to all paragraphs of this rule. —
>
> (1) Defective safety devices or load-carrying equipment. — Defective crane safety devices or load-carrying equipment shall be repaired or replaced.

{¶ 9} 5. Pursuant to Ohio Adm.Code 4123:1-5-01(A), the specific safety requirements in Ohio Adm.Code 4123:1-5-13(C) and 4123:1-5-14(G) apply to "workshops" and "factories."

{¶ 10} 6. On January 27, 2021, the matter was heard before a staff hearing officer ("SHO") for the commission. In a March 5, 2021, order, the SHO denied the VSSR application, finding the following: (1) "workshops" and "factories," as used in Ohio Adm.Code 4123:1-5-01(B), have not been defined; (2) a "workshop" has been defined by *State ex rel. Petrie v. Atlas Iron Processors*, 85 Ohio St.3d 372 (1999), to include an outside area that is enclosed; (3) the common definition of "factory" is a building or group of

buildings where goods are manufactured; (4) neither "workshop" nor "factory" applies to the instant claim; thus, Ohio Adm.Code 4123:1-5-13(C) and 4123:1-5-14(G) do not apply; (5) the case law submitted by claimant is not persuasive because the facts are not on point with the instant claim; (6) the facts of this claim do not fall within the narrow exceptions to these code sections carved out by the courts; and (7) the application for VSSR is denied because there has been no violation of an applicable safety code.

{¶ 11} 7. On April 27, 2021, claimant filed a request for rehearing, which the commission denied on May 12, 2021.

{¶ 12} 8. On October 1, 2021, claimant filed a complaint for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 13} For the reasons that follow, it is this magistrate's decision that this court should not issue a writ of mandamus.

{¶ 14} In order for this court to issue a writ of mandamus, a relator must establish the following three requirements: (1) that relator has a clear legal right to the relief sought; (2) that respondent has a clear legal duty to provide such relief; and (3) that relator has no adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 15} To establish a VSSR, a claimant must prove that: (1) there exists an applicable and specific safety requirement in effect at the time of the injury; (2) the employer failed to comply with the requirements; and (3) the failure to comply was the proximate cause of the injury in question. *State ex rel. Trydle v. Indus. Comm.*, 32 Ohio St.2d 257 (1972).

{¶ 16} The interpretation of a specific safety requirement is within the final jurisdiction of the commission. *State ex rel. Berry v. Indus. Comm.*, 4 Ohio St.3d 193 (1983). However, because a VSSR is a penalty, it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. *State ex rel. Burton v. Indus. Comm.*, 46 Ohio St.3d 170 (1989). The question of whether an injury was caused by an employer's failure to satisfy a specific safety requirement is a question of fact to be decided by the commission subject only to the abuse of discretion test. *Trydle*; *State ex rel. A-F Industries, ACME-FAB Div. v. Indus, Comm.*, 26 Ohio St.3d 136 (1986). Furthermore, a safety requirement must

be specific enough to plainly apprise an employer of its legal obligations to its employees. *State ex rel. Frank Brown & Sons, Inc. v. Indus, Comm.*, 37 Ohio St.3d 162 (1988).

{¶ 17} In the present matter, claimant argues that the commission erred and abused its discretion when it incorrectly defined "workshop" and "factory." Claimant asserts that the SHO incorrectly interpreted *Petrie* and found Ohio Adm.Code 4123:1-5 does not include outside areas. Claimant contends that *Petrie* held that a scrapyard with perimeter fencing constituted a workshop, but it did not hold that an employer's motor vehicle is not covered under Ohio Adm.Code 4123:1-5. He claims it would be inconsistent to find that an injury on a faulty wheelchair lift that occurs in a bus depot would be eligible for a VSSR award, but one that happens while taking children to and from school would not be eligible for a VSSR award. He also points out that Ohio Adm.Code 4123:1-5-13(E) and (G) cover highway-type trucks, trailers, and railroad cars, and demonstrate that the requirements in Ohio Adm.Code 4123:1-5-13 were not written to apply solely to the actual confines of an employer's place of business but extend to a motor vehicle on a public roadway. Finally, because of the SHO's error in finding the bus did not constitute a "workshop" or "factory," claimant argues, the SHO erroneously failed to analyze whether he met the requirements of Ohio Adm.Code 4123:1-5-13(C) and 4123:1-5-14(G).

{¶ 18} Initially, it should be noted that Ohio Adm.Code 4123:1-5-13(C)(7), by the very clear and plain words used in that section, cannot apply to the circumstances here. That section applies to "[a]ll motor vehicles operating within the confines of the owner's property." Claimant's arguments are founded upon the conceded fact that the bus was operating on a public roadway. Clearly, Ohio Adm.Code 4123:1-5-13(C)(7), which applies only to motor vehicles operating within the confines of the owner's property, cannot apply to a bus operating on a public roadway. Therefore, for this reason alone, claimant's argument with respect to the applicability of Ohio Adm.Code 4123:1-5-13(C)(7) can be rejected from the outset.

{¶ 19} Notwithstanding, the SHO correctly analyzed the pertinent sections of the Ohio Administrative Code as they relate to the holding in *Petrie*. The SHO properly found that claimant was not injured in a "factory or workshop" within the meaning of Ohio Adm.Code 4123:1-5-13; thus, the specific safety requirements found in Ohio Adm.Code 4123:1-5-13(C)(7) and 4123:1-5-14(G)(1) do not apply to the circumstances in the present

case. *Petrie* found that the specific safety requirements in Ohio Adm.Code 4123:1-5 may apply to outdoor areas and qualify as "workshops." *See State ex rel. Brammer v. Indus. Comm.*, 10th Dist. No. 10AP-106, 2010-Ohio-4608, ¶ 6 (finding that "workshop," has been defined to include outdoor areas that are fenced in, citing *Petrie*). The court in *Petrie* agreed with the proposition that a "scrapyard's perimeter fencing [i]s a structural enclosure sufficient to classify it as a 'workshop' and render[s] [former] Ohio Adm.Code Chapter 4121:1-5 applicable." *Petrie* at 373 (addressing former Ohio Adm.Code Chapter 4121:1-5, which is akin to current Ohio Adm.Code 4123:1-5). The court in *Petrie* explained that "[t]he fence, in this case, indeed set forth the boundaries of work activity. It also served to keep unauthorized nonemployees out, and, in so doing, established its confines as a place accessible only to employees for the purpose of carrying out the company's business." *Id.* However, in the present case, the location where the injury occurred, a public street, was not within a fenced area that set forth the boundaries of the employer's work activities, kept unauthorized persons out, or set forth a non-public workspace for employees to continue the employer's business. Therefore, there was some evidence in the record to support the commission's conclusion that the bus was not a "workshop," as that term is defined in *Petrie*, and, therefore, neither Ohio Adm.Code 4123:1-5-13(C)(7) nor 4123:1-5-14(G)(1) is applicable here.

{¶ 20} Claimant also asserts that the provisions in Ohio Adm.Code 4123:1-5-13(E) and (G) make it clear that the safety requirements in that section apply to motor vehicles on a public roadway. Initially, the bus upon which claimant was injured is clearly a "motor vehicle," as that term is commonly and plainly defined. There is also no Ohio authority, either case law or within the code section itself, that "motor vehicle," as used in this section, does not apply to over-the-highway vehicles. Nevertheless, claimant's argument fails when he claims that Ohio Adm.Code 4123:1-5-13(E) and (G) clearly apply to motor vehicles on a public roadway. Ohio Adm.Code 4123:1-5-13(E) and (G) provide:

> (E) Motor vehicles used to transport employees.
>
> (1) Vehicles assigned to, or generally used for the transportation of employees shall be equipped with securely fastened seats and backrests.
>
> (2) Tools and material transported in the same compartment with employees shall be secured to prevent movement.

* * *

(G) Highway-type trucks, trailers, and railroad cars.

(1) Wheel chocks shall be provided and employees instructed to place them under the rear wheels to prevent highway-type trucks and trailers from rolling while they are being loaded or unloaded by powered industrial trucks. Equivalent protection may be provided instead of wheel chocks.

(2) Wheel stops or other recognized protective devices shall be provided and used to prevent railroad cars from moving while they are being loaded or unloaded by powered industrial trucks.

(3) Positive protection shall be provided to prevent railroad cars from being moved while dockboards or bridge plates are in position.

{¶ 21} Nothing in these two sections specifically indicates that the safety requirements for the types of vehicles described therein apply when such vehicles are being operated on a public roadway. The motor vehicles described in the above are still limited by the holding in *Petrie*; that is, the vehicles are within a structural enclosure that sets forth the boundaries of work activity; serves to keep unauthorized nonemployees out; and establishes its confines as a place accessible only to employees for the purpose of carrying out the company's business. As concluded above, in the present case, the location where the injury occurred, a public street, was not within a fenced area that set forth the boundaries of the employer's work activities, kept unauthorized persons out, and set forth a non-public workspace for employees to continue the employer's business. Therefore, neither Ohio Adm.Code 4123:1-5-13(E) nor (G) support claimant's argument that Ohio Adm.Code 4123:1-5-13(C)(7) and 4123:1-5-14(G)(1) apply to motor vehicles operating on a public roadway.

{¶ 22} Finally, claimant raises a brief argument that his VSSR application also relied upon R.C. 4101.13, which provides that no employee shall remove any safety devices, as an additional basis for finding a VSSR award. However, notwithstanding the lack of any evidence that an employee removed any safety device here, the Supreme Court of Ohio, in *State ex rel. Niebel v. Indus. Comm.*, 36 Ohio St.2d 86 (1973), found that R.C. 4101.13 is

general in nature and cannot form the basis for a VSSR claim. Therefore, any argument, in this respect, is without merit.

{¶ 23} Accordingly, it is the magistrate's decision that this court should deny the employer's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).